UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN MAE POLK, | ) | 1:12-cv-01156-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER RE PLAINTIFF'S NOTICE OF INCORRECT DATE |
| | ) | |
| vs. | ) | |
| | ) | |
| MARY LATTIMORE, et al., | ) | (Doc. 14.) |
| | ) | |
| Defendants. | ) | |

**I.   BACKGROUND**

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On July 16, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) On September 20, 2012, Plaintiff filed a First Amended Complaint. (Doc. 8.)

On February 11, 2013, Plaintiff notified the Court that she inadvertently provided an incorrect date on the signature page of her First Amended Complaint. (Doc. 14.) Plaintiff asserts that she wrote "7/9/12" instead of "9-7-12." (Id.) Plaintiff now submits a new signature page with the corrected date and inquires whether the signature page can be replaced in the First Amended Complaint. (Id. at 2.)

Plaintiff may not amend the First Amended Complaint in this manner. Under Local Rule 220, Plaintiff cannot amend the complaint by submitting only a corrected page, and the Clerk is not permitted to augment the record by adding or replacing pages in documents already filed. To amend the First Amended Complaint, Plaintiff would be required to file a Second Amended Complaint which is complete in itself, without reference to the First Amended Complaint. L. R. 220.

1

Plaintiff's notice to the Court on February 11, 2013 is sufficient to correct the date of her signature. Plaintiff can be assured that because she has notified the Court on the record of her inadvertence in providing an incorrect signature date, the incorrect date shall not affect the litigation of her claims in this action.

IT IS SO ORDERED.

**Dated:   February 13, 2013**                              /s/ Gary S. Austin
                                                                                       UNITED STATES MAGISTRATE JUDGE

2