UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | 1:12-cv-01156-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (Doc. 11.) |
| vs. | |
| MARY LATTIMORE, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

I.    **BACKGROUND**

Susan Mae Polk ("Plaintiff") is a state prisoner, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Institution for Women (CIW) in Corona, California.

Plaintiff filed the Complaint commencing this action on July 16, 2012.  (Doc. 1.)  On September 20, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 8.)

On December 13, 2012, Plaintiff filed a motion for preliminary injunctive relief, which is now before the court.  (Doc. 11.)

II.    **PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation

omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Plaintiff's Motion**

Plaintiff has requested a court order directing CDCR Secretary Matthew Cate to enjoin CDCR officials at CIW from jeopardizing Plaintiff's safety by housing her in a cell with multiple inmates and retaliating against her by falsifying documents in her prison file.

The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This action is proceeding against defendants based on events occurring at the Central California Women's Facility in Chowchilla, California, before she filed this action in September 2012.  Plaintiff now requests a court order protecting her from present and future actions at CIW.  Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

///

## III.     RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed on December 13, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __July 18, 2013__                    _____/s/ Gary S. Austin__
                                             UNITED STATES MAGISTRATE JUDGE