UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>            Plaintiff,<br><br>      vs.<br><br>MARY LATTIMORE, et al.,<br><br>            Defendants. | 1:12-cv-01156-AWI-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF RULES 8(a) AND 18(a), WITH LEAVE TO AMEND<br>(Doc. 8.)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A § 1983 CIVIL RIGHTS COMPLAINT FORM<br><br>THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 25 PAGES |

## I.   BACKGROUND

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil action.  Plaintiff filed the Complaint commencing this action on July 16, 2012. (Doc. 1.)  On September 20, 2012, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 8.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is a state prisoner presently incarcerated at the California Institution for Women (CIW) in Corona, California.  The events at issue in the First Amended Complaint occurred at Valley State Prison for Women (VSPW) and the Central California Women's Facility (CCWF) in Chowchilla, California, when Plaintiff was incarcerated at those facilities.  Plaintiff names as defendants Sergeant (Sgt.) L. Hunter, Mary Lattimore (Acting Warden), E. Adams (Correctional Counselor (CC)), Lieutenant (Lt.) V. H. Cambridge, Lt. M. J. Rhodes, Lt. K. Foster, Lt. J. Pimentel, Sgt. C. Amezquita, Captain (Cpt.) W. B. Harding, Sgt. W. S. Jandro, Sgt. W. Terry, Tony Brown (Appeals Coordinator), Cpt. P. Anderson, M. Cate (CDCR Secretary), Correctional Officer (C/O) R. Sloan, and H. Cervantes (CCII).

///

The First Amended Complaint describes incidents which allegedly occurred during a two-year period from July 2007 through September 2009. The gravamen of Plaintiff's complaint is that she repeatedly told prison officials about her safety concerns, which were ignored, and was repeatedly placed in harm's way, threatened and attacked by other inmates, wrongly accused of rules violations, pepper sprayed by correctional officers, denied adequate medical care for injuries, and subjected to an improper inmate grievance process. Plaintiff's factual allegations follow.

Plaintiff told officials at VSPW about her safety concerns. In May and June 2007, Plaintiff was beaten by two inmates and placed in protective custody.

Plaintiff was transferred to CCWF in July 2007 and requested protective custody, which was denied. On August 3, 2007, she was attacked with a padlock by inmate Provencio. Plaintiff was placed in administrative segregation (Ad-Seg), and Provencio's name was placed on Plaintiff's enemy list. In November 2007, after being released to the yard, Plaintiff reported being threatened by cell mates and prison officials laughed at her. On November 8, 2007, she was returned to Ad-Seg. When defendants Hunter and Cambridge ordered her to leave Ad-Seg to the general population, Plaintiff refused. She was extracted from the cell with use of pepper spray and written up for disobeying an order. Her requests for medical care were ignored. Lt. Pimentel dismissed the charges against her.

In November 2007, Plaintiff was in Ad-Seg and requested protective custody. Defendant Cambridge discussed with Plaintiff how to keep herself safe.

In January 2008, Plaintiff was scheduled for a court telephonic appearance, but her counselor Adams failed to make the arrangements and refused to provide Plaintiff with a document she requested.

On February 7, 2008, Plaintiff was released from Ad-Seg to B-yard. The next day, she was threatened and assaulted by a cell mate. Plaintiff did not fight back. Plaintiff called staff, who noted her bruises.

On another occasion, Sgt. Segovona, Lt. Pimentel, and Cpt. Harding refused to immediately assist Plaintiff with her legal work. Plaintiff lay on the ground, offering no

physical resistance, and asked for protective custody. Sgt. Terry and Lt. Rhodes came on duty and refused to assist Plaintiff with her legal work. Later in the afternoon, Plaintiff lay on the ground face up, offering no physical resistance. Lt. Sloan pepper sprayed Plaintiff, and defendant Rhodes took her legal papers. Due to the pepper spray, Plaintiff could not see for about two hours and was in extreme pain for the next 48 hours. Plaintiff was taken to Ad-Seg and charged with disobeying an order. Lt. Foster dismissed the case against her.

On February 12, 2008, defendant Lattimore ignored Plaintiff's safety concerns and ordered her to the B-yard. Defendants Cervantes and Harding endorsed Lattimore's decision. On February 13, 2008, Plaintiff was assaulted by cell mate Davis. Plaintiff did not fight back. Davis told the other inmates to say that Plaintiff was crazy and had been talking all night, but Plaintiff had been asleep since early evening. Plaintiff was placed in Ad-Seg for investigation. The next morning, defendants Harding and Pimentel ordered her to B-yard. Plaintiff requested protective custody, and defendants Jandro, Lopez, and Dudder threatened her. Plaintiff offered no resistance. Defendants Amezquita and Jandro pepper sprayed Plaintiff. Amezquita filled Plaintiff's ear with pepper spray and Jandro held the can up to Plaintiff's eyes, pulling Plaintiff's hands away and applying a full can of pepper spray to her eyes, no more than an inch away. Plaintiff couldn't breathe, see, or hear from the pepper spray. Defendants Jandro and Foster wrote her up. After her release to general population on February 13, 2008, Plaintiff was battered repeatedly by mental patients.

On February 19, 2008, Plaintiff's counselor Adams verbally threatened her.

On April 17, 2008, Plaintiff was attacked by inmate Harris. Plaintiff did not fight back. Defendant Jandro conducted an investigation, and Plaintiff was placed in Ad-Seg.

On April 24, 2008, defendant Lattimore cleared Plaintiff to be double-celled in Ad-Seg, despite documentation of assaults. Plaintiff refused to sign an agreement with false information, was written up and found guilty of disobeying an order to double cell. Plaintiff complained at her hearing, and Lattimore forced her to leave.

///

///

1      On May 5, 2008, Plaintiff complained she was not permitted to speak at her ICC
2 hearing.  Defendants Cervantes, Lattimore, and Harding conducted the hearing and would not
3 allow her to present evidence.
4      On June 2, 2009, defendant Adams placed a false chrono in Plaintiff's file.
5      On June 5, 2008, defendants Harding and Cervantes told the committee there were no
6 grounds for Plaintiff's safety concerns.  But Plaintiff has a chrono by defendant Jandro
7 verifying concerns about inmate Harris.  Defendant Lattimore ignored Plaintiff's evidence.  Lt.
8 Featherly escorted Plaintiff to D-yard.  Plaintiff informed Featherly about Plaintiff's enemy in
9 C-yard.  Featherly checked Plaintiff's 812-C and verified that Provencio's name was on it.
10 Featherly sent Plaintiff back to Ad-Seg.
11      On June 13, 2008, defendant Pimentel released Plaintiff to B-yard.  The night before,
12 Plaintiff had reported threats and was ignored.  Inmate Ashley Locke broke Plaintiff's rib and
13 foot. Three days later, she was referred for x-rays and defendant Pimentel escorted her. The x-
14 rays showed no injuries.
15      On July 23, 2008, Plaintiff was moved to C-yard and was hit on the head by inmate
16 Miranda with a plastic cup.  Plaintiff was concerned for her safety, but staff told her to remain
17 in the room.  Miranda was prosecuted and sentenced to three years.
18      Plaintiff reported inmate Kerachun to C/O Baron for hitting her face, and requested
19 protective custody or a bed move.  On March 23, 2009, inmate Kerachun poured hot tea on
20 Plaintiff's head.  C/O Baron came to the door and suggested Plaintiff had done something to
21 Kerachun, but Kerachun told Baron she had not.
22      On June 11, 2009, inmate McConnell hit Plaintiff.  Days later, Plaintiff was assaulted
23 by inmate Washington.  Plaintiff was placed in Ad-Seg
24      On September 4, 2009, defendant Adams placed a false report in Plaintiff's file.
25      Plaintiff was transferred back to VSPW.  Defendants Cervantes, Harding, and Lattimore
26 ignored the fact that Plaintiff had enemies at VSPW when they transferred her.  On September
27 23, 2009, Plaintiff's safety concerns were verified on a form dated August 3, 2009 by Lt.
28 Salter.   Plaintiff was repeatedly assaulted at VSPW.

Plaintiff filed numerous grievances concerning defendants' conduct against her. Appeals Coordinator Brown improperly processed the appeals.

Plaintiff requests monetary, injunctive, and declaratory relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A.   Rule 8(a)

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P.

6

8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (2007)). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Wal-Mart Stores, Inc., 572 F.3d at 681 (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950; Moss, 572 F.3d at 969.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

Plaintiff's First Amended Complaint, consisting of 35 handwritten pages and 50 pages of exhibits, fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not clearly or succinctly allege facts against named defendants.  The court finds the allegations in plaintiff's complaint largely vague and conclusory.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

Plaintiff shall be granted leave to amend.  Given that Plaintiff must also comply with Rule 18(a), as discussed below, twenty-five pages is more than sufficient for Plaintiff to identify her claims and set forth specific facts in support of those claims.  Accordingly, the Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

**B.    Rule 18(a)**

Plaintiff alleges multiple claims in the First Amended Complaint that are largely unrelated.  Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim,

7

may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff brings at least four unrelated claims in the First Amended Complaint:  (1) against counselor Adams for failing to schedule a telephonic hearing in January 2008, verbally threatening her on February 19, 2008, and placing false documentation in her file on June 2, 2009 and September 4, 2009; (2) against defendant Baron for failing to protect her against inmate Kerachun on March 23, 2009; (3) against defendant Hunter and Cambridge for forcing her to leave Ad-Seg to the general population, with use of pepper spray, in November 2007; and (4) against defendants Lattimore, Cervantes, and Harding for refusing to allow Plaintiff to speak and present evidence at the ICC hearing on May 5, 2008.  Therefore, Plaintiff's First Amended Complaint violates Rule 18(a) and shall be dismissed with leave to file a Second Amended Complaint.  Plaintiff may not bring unrelated claims in the Second Amended Complaint.

C.  **Applicable Legal Standards**

In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to her claims.  Plaintiff should carefully review the standards and amend only those claims that she believes, in good faith, are cognizable.

1.  **Failure to Protect – Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must

provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id., 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

2. **Retaliation – First Amendment Claim**

As discussed by the Ninth Circuit in Watison v. Carter:

> "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements. Id. First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

>   Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
>   Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
>   Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
>   Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

### 3.   **Excessive Force – Eighth Amendment Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*

injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### 4. Due Process – Fourteenth Amendment Claim

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted); Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir.1997).

After establishing a protected property or liberty interest, a plaintiff must allege facts demonstrating that he or she was not afforded sufficient due process. "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of [an] interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted).

### 5. **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his or her membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

### 6. **Appeals Process**

A defendant's actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural

protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

### 7. **Verbal Threats**

Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### 8. **State Law Claims**

Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

### 9. **Declaratory and Injunctive Relief**

Plaintiff has requested declaratory and injunctive relief.  With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  A declaration that defendant violated Plaintiff's rights is unnecessary.

With regard to injunctive relief, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action

with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of her federal rights.

**V.     CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint violates Rules 8(a) and 18(a). Therefore, the First Amended Complaint shall be dismissed with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).  Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77.  Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after July 16, 2012.  In

addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on July 16, 2012. Plaintiff is cautioned that she may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence. Plaintiff is cautioned that it is not the duty of the court to look through all of her exhibits to determine whether or not she has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on September 20, 2012, is dismissed for violation of Rules 8(a) and 18(a), with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the court in this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-01156-AWI-GSA-PC;

5. The Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation;

6. Plaintiff may not add any new, unrelated claims to this action via her amended complaint and any attempt to do so will result in an order striking the amended complaint; and

7. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed in its entirety.

IT IS SO ORDERED.

Dated: **September 16, 2013**        **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE