UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>        Plaintiff,<br><br>   vs.<br><br>MARY LATTIMORE, et al.,<br><br>        Defendants. | 1:12-cv-01156-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 24.) |

**I.    BACKGROUND**

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil Complaint filed on July 16, 2012. (Doc. 1.) On September 20, 2012, Plaintiff filed the First Amended Complaint. (Doc. 8.) On September 17, 2013, the court entered a screening order dismissing the First Amended Complaint for violation of Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure, with leave to amend. (Doc. 20.)

On October 21, 2013, Plaintiff filed objections to the court's screening order, which the court construes as a motion for reconsideration of the court's order of September 17, 2013. (Doc. 24.)

///

///

## II. MOTION FOR RECONSIDERATION

### A. <u>Legal Standard</u>

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. <u>Plaintiff's Motion</u>

Plaintiff disagrees with the court's assessment of her claims and seeks a different decision. Plaintiff reiterates allegations from the First Amended Complaint and argues that she did not violate Rule 8(a)'s requirement for a short and plain statement of the claim, because she "cited specific instances of fraud and conspiracy in order to meet the heightened pleading standard set forth in F.R.C.P. Rule 9(b)," which requires allegations of fraud and mistake to be

stated with particularity.  Motion, Doc. 24 at 4 ¶3.  Plaintiff also argues that her claims against various defendants are not "unrelated" under Rule 18(a) because the named defendants all participated in a conspiracy by their "common design and understanding," based on Plaintiff's allegations that they were deliberately indifferent, punished Plaintiff for complaining, falsified documents, exposed Plaintiff to batteries and threats from multiple inmates, suppressed evidence, and threatened Plaintiff for filing grievances.  Id. at 7.  Plaintiff also argues that the court's twenty-five-page limit for Plaintiff's Second Amended Complaint imposes an unfair handicap upon her, because Plaintiff lacks access to a word processor or typewriter, and her handwriting is large with spaces between letters and words.  Plaintiff also asserts that the court's order misstates facts in favor of the defendants, implying bias by the Magistrate Judge.

**Discussion**

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  The court finds no allegations or claims for fraud or conspiracy in the First Amended Complaint to support Plaintiff's arguments that she is not required to adhere to Rules 8(a) or 18(a).[1]  Plaintiff's argument that she is unable to limit her Second Amended Complaint to 25 pages is unpersuasive.  If Plaintiff limits her allegations to unrelated claims pursuant to Rule 18(a) and adheres to the requirements of Rule 8(a), 25 pages are more than sufficient.  Plaintiff's assertion that the Magistrate Judge intentionally misstated facts out of bias is without basis.

---

[1] In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).  A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).  Plaintiff has alleged that Defendants conspired against her, nor alleged any facts supporting the allegation that Defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights.

Plaintiff's remedy at this juncture, as set forth in the court's order of July 18, 2013, is to file a Second Amended Complaint, clearly and succinctly stating the allegations and claims upon which she wishes to proceed. The court will not order service of process until Plaintiff is able to proceed with a complaint which the court has determined contains cognizable claims against the defendants to be served. 28 U.S.C. 1915(A).

Based on the foregoing, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on October 21, 2013, is DENIED.

IT IS SO ORDERED.

Dated: **October 23, 2013**        **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE