UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | 1:12-cv-01156-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO WAIVE 25 PAGE LIMIT |
| vs. | (Doc. 30.) |
| MARY LATTIMORE, et al., | ORDER STRIKING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| Defendants. | (Doc. 28.) |
| | THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT NOT EXCEEDING 25 PAGES |
| | (Resolves Doc. 29.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil Complaint filed on July 16, 2012. (Doc. 1.) On September 20, 2012, Plaintiff filed the First Amended Complaint. (Doc. 8.) On September 17, 2013, the Magistrate Judge entered a screening order dismissing the First Amended Complaint for violation of Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure, with leave to file a second amended complaint not exceeding 25 pages. (Doc. 20.)

On November 8, 2013, Plaintiff filed the Second Amended Complaint. (Doc. 28.) Also on November 8, 2013, Plaintiff filed a motion to waive the 25 page limit for the Second Amended Complaint. (Doc. 30.) Plaintiff also filed a motion for extension of time to file an

amended complaint, in the event the Second Amended Complaint is deemed oversized. (Doc. 29.)

## II. MOTION TO WAIVE 25 PAGE LIMIT

Plaintiff requests leave to file an oversized Second Amended Complaint. Plaintiff argues that her handwriting is larger than typewritten text, and she does not have access to a typewriter or word processor. Plaintiff also argues that she was unable to limit her complaint to 25 pages because she is required to "state with particularity" her claims for fraud and conspiracy.

The court's screening order of September 17, 2013, cautioned Plaintiff that "the Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation." (Screening Order, Doc. 20 at 7:21-23.) Plaintiff was also advised that Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2), and that detailed factual allegations are not required. (Id. at 2:6-8.) Plaintiff was cautioned that pursuant to Rule 18 she "may not bring unrelated claims in the Second Amended Complaint," and that "[u]nrelated claims against different defendants belong in different suits." (Id. at 8:4,19-20.)

Plaintiff's Second Amended Complaint consists of 34 handwritten pages and 5 pages of exhibits. By any reasonable measurement, the length of the Second Amended Complaint exceeds 25 pages. Plaintiff shall not be excused from the 25-page limit for the length of her complaint. If Plaintiff complies with Rule 18 and brings only unrelated claims, and omits claims with improper venue in this district, as discussed below, there is no reason her complaint needs to exceed 25 pages.

## III. VENUE

Plaintiff names more than 45 defendants and 20 Doe Defendants and brings allegations of events occurring in Madera County and Contra Costa County from 2003 to 2009. Plaintiff is advised that venue is improper in this district for events occurring in Contra Costa County. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction,

be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Plaintiff should omit claims from her complaint for which venue is improper in this district.

### III.     RULE 18

Plaintiff brings unrelated claims in the Second Amended Complaint in violation of Rule 18.  As Plaintiff was advised in the court's screening order, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  (Screening Order at 8:2-4.)  Plaintiff is advised that claims are not related merely because they concern acts of retaliation or conspiracy.  For example, an act of retaliation by one defendant in 2007 is not related, under Rule 18, to an unrelated, entirely separate act of retaliation by a different defendant in 2009.  Plaintiff may not bring unrelated claims in the same action.

### III.     CONCLUSION AND ORDER

The court has found that Plaintiff's Second Amended Complaint exceeds the 25 page limit established by the court's screening order of September 17, 2013.  Therefore, the Second Amended Complaint shall be stricken from the record.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'"  Plaintiff is granted leave to file a Third Amended Complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).  There is no *respondeat superior* liability, and each defendant is only liable for his or

her own misconduct. Iqbal at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new allegations occurring after July 16, 2012, the date this lawsuit was filed. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012)(en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff must follow the instructions in this order. If Plaintiff submits a Third Amended Complaint exceeding 25 pages, the court shall recommend that this case be dismissed in its entirety for failure to comply with the court's order. If Plaintiff includes unrelated claims in the Third Amended Complaint, the court shall decide for Plaintiff which claims shall proceed in this action.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to waive the 25-page limit for the Second Amended Complaint is DENIED;

2. The Second Amended Complaint, filed on November 8, 2013, is STRICKEN from the record, with leave to amend;

3. Within thirty days, Plaintiff shall file a Third Amended Complaint as instructed by this order;

///

///

4. The Third Amended Complaint shall be boldly entitled "Third Amended Complaint," refer to case number 1:12-cv-01156-AWI-GSA-PC, and be signed by Plaintiff under penalty of perjury;

5. This order resolves Plaintiff's motion for extension of time filed on November 8, 2013; and

6. Failure to comply with this order shall result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **November 14, 2013**           **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE