UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARY LATTIMORE, et al.,<br><br>　　　　Defendants. | 1:12-cv-01156-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (Doc. 38.) |

## I.  BACKGROUND

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil Complaint filed on July 16, 2012.  (Doc. 1.)  On December 2, 2013, Plaintiff filed the Third Amended, which awaits the court's requisite screening under 28 U.S.C. § 1915A.  (Doc. 34.)

On December 26, 2013, Plaintiff filed a request for judicial notice.  (Doc. 38.)

## II.  REQUEST FOR JUDICIAL NOTICE

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  The court may take judicial notice of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts."  York v. American

Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of cases she filed prior to the filing of this action, together with the procedural posture of the cases. Plaintiff recites three pages of facts pertinent to at least seven federal court actions. (Doc. 38.)

Plaintiff's facts are not subject to judicial notice at this stage of the proceedings, and Plaintiff has not shown good cause for the court to take judicial notice of her prior cases. Plaintiff merely requests the court to take judicial notice of the cases "in support of [her] Third Amended Complaint," without further explanation. (Id. at 1.) To the extent that Plaintiff intends to submit the information as evidence, the court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question. The issue of Plaintiff's prior cases has not been raised in this action. To the extent that Plaintiff intends to add information to the Third Amended Complaint, Plaintiff may not amend the complaint in this manner. Under Rule 220, Plaintiff may not amend the complaint by adding information piecemeal after the complaint has been filed. Plaintiff is reminded that to add or change information in the Third Amended Complaint, she must file a new Fourth Amended Complaint which is complete within itself.[1] Therefore, Plaintiff's request shall be denied.

### III.    CONCLUSION

Based on the foregoing, Plaintiff's request for judicial notice, filed on December 26, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **January 2, 2014**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does not have leave to file a Fourth Amended Complaint at this time.