UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | 1:12-cv-01156-AWI-GSA-PC |
| Plaintiff, | ORDER RE PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER UNDER RULE 72 |
| vs. | (Doc. 27.) |
| MARY LATTIMORE, et al., | |
| Defendants. | |

## I.   RELEVANT PROCEDURAL HISTORY

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil Complaint filed on July 16, 2012.  (Doc. 1.)  On September 20, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 8.)  On September 17, 2013, the Magistrate Judge entered a screening order ("Screening Order") dismissing the First Amended Complaint for violation of Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure, with leave to amend.  (Doc. 20.)

*__Plaintiff's Prior Objections__*

On October 21, 2013, Plaintiff filed objections to the Screening Order entitled "Objections to Magistrate Judge's Order Dismissing Complaint with Leave to Amend."  (Doc. 24.)  The court construed the objections as a motion for reconsideration, and on October 23, 2013, the Magistrate Judge issued an order denying the motion for reconsideration.  (Doc. 25.)

*__Plaintiff's Objections Now Under Consideration__*

On November 4, 2013, Plaintiff filed objections to the Screening Order entitled "Objections to Magistrate Judge's Order Pursuant to FRCP Rule 72."  (Doc. 27.)

## II.     OBJECTIONS – RULE 72

### A.     Legal Standard

Rule 72 of the Federal Rules of Civil Procedure allows a party to file objections to a magistrate judge's written order, which the district judge must then consider and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

### B.     Plaintiff's Request

Plaintiff asserts that her prior objections, filed on October 12, 2013, were not meant to be a motion for reconsideration by the Magistrate Judge and should not have been construed as such.  Plaintiff asserts that her intent was to file objections pursuant to Rule 72, directed to the District Judge assigned to this case.  Plaintiff now seeks review and consideration of her prior objections by the District Judge, and requests the court to convey her prior objections to the District Judge.

### C.     Discussion

In accordance with the provisions of Rule 72 of the Federal Rules of Civil Procedure, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's prior objections filed on October 12, 2013, the Court finds no evidence that the Magistrate Judge's Screening Order issued on September 17, 2013 is clearly erroneous or contrary to law.   The Screening Order allowed Plaintiff to amend her claims and merely find alleged claims concerning completely different facts and defendants be brought in a single action.

## II.     CONCLUSION

Accordingly, THE COURT HEREBY ORDERS that there is no evidence that any of the rulings in the Magistrate Judge's Screening Order issued on September 17, 2013, are clearly erroneous or contrary to law.

IT IS SO ORDERED.

Dated:   March 12, 2014     _____

                            SENIOR  DISTRICT  JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28