UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | 1:12-cv-01156-AWI-GSA-PC |
| Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH RULES 8(a) AND 18(a), WITH LEAVE TO AMEND |
| vs. | |
| MARY LATTIMORE, et al., | (Doc. 34.) |
| Defendants. | THIRTY DAY DEADLINE TO FILE FOURTH AMENDED COMPLAINT |

## I.    BACKGROUND

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil action.  Plaintiff filed the Complaint commencing this action on July 16, 2012. (Doc. 1.)  Plaintiff filed the First Amended Complaint on September 20, 2012, and the Second Amended Complaint on November 8, 2013.  (Docs. 8, 28.)

The Third Amended Complaint, filed on December 2, 2013, is now before the court for screening.  (Doc. 34.)

## II.    COURT'S PRIOR SCREENING ORDERS

By order filed September 17, 2013, the court dismissed the First Amended Complaint for violation of Rules 8(a) and 18(a), with leave to file a Second Amended Complaint.  (Doc. 20.)  Plaintiff was advised that her First Amended Complaint, consisting of 35 handwritten pages and 50 pages of exhibits, fail[ed] to comport with Rule 8(a)'s instruction that the

1

complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). (<u>Id.</u> at 7 ¶A.) The court found Plaintiff's allegations "largely vague and conclusory," in violation of the Federal Rules' policy that "a complaint must state the elements of the claim plainly and succinctly." (<u>Id.</u>) Plaintiff was specifically directed to file an amended complaint not exceeding 25 pages. Plaintiff was also advised that she "may not proceed in one action on a myriad of unrelated claims against different staff members . . . [in violation of Rule 18(a), and while] "multiple claims against a single party are fine, [] Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." (<u>Id.</u> at 7-8 ¶B.) Plaintiff was specifically instructed that she "may not bring unrelated claims in the Second Amended Complaint." (<u>Id.</u> at 8 ¶B.)

On November 8, 2013, Plaintiff filed the Second Amended Complaint containing 34 pages of allegations, together with a separate motion to exceed the 25-page limit. (Doc. 28.) The court issued an order on November 15, 2013, denying Plaintiff's motion and striking the Second Amended Complaint for exceeding the 25-page limit, with leave to file a Third Amended Complaint not exceeding 25 pages. (Doc. 31.)

## III.   THIRD AMENDED COMPLAINT

On December 2, 2013, Plaintiff filed the Third Amended Complaint. (Doc. 34.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955

2

(2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Although Plaintiff has limited her allegations in the Third Amended Complaint to 25 pages, she names more than forty-five defendants, alleging that multiple defendants are responsible for various misdeeds, which are set forth in a largely conclusory fashion without sufficient facts.  Plaintiff brings largely unrelated claims against defendants at three different correctional institutions -- Contra Costa County (CCC) Jail, Valley State Prison for Women (VSPW), and Central California Women's Facility (CCWF) -- during a six-year period from August 2003 through August 2009.

Plaintiff alleges that the defendants retaliated against her, housed her with dangerous cell mates, fabricated reports against her, detained her in administrative segregation, used pepper spray and other force against her, falsely classified her as a mental patient, deterred her from pursuing litigation, confiscated her personal property, harassed and intimidated her, discriminated against her, and disrupted her court appearances.

An example of a claim that the court finds to be vague, conclusory, and without sufficient factual allegations follows:

> Gibson, Roberts, Hunter, Henry, Cambridge, Anderson, Lattimore and Patrick deprived me of my legal materials and access to supplies and a law library while I was in AdSeg from July of 2007 to February of 2008, in collusion with Adam, Cervantez and Harding who refused to issue orders to AdSeg staff to provide access to my legal papers, although they had an obligation to do so under CDCR regulations and CCWF policies and procedures.

(Third Amd Compl at 14 ¶3.)  Plaintiff may not implicate a group of defendants for conduct apparently engaged in by individuals during multiple incidents spanning eight months.

Because Plaintiff's claims are based on separate events occurring at three different correctional facilities, some of Plaintiff's are clearly unrelated under Rule 18(a).  Plaintiff's allegations against officials at the Contra Costa County Jail are unrelated to Plaintiff's claims against officials at VSPW and CCWF, which are also unrelated to each other.

Plaintiff fails to cure the defects found by the court in the First and Second Amended Complaints.  The court's prior screening orders offered guidance and set out the legal standards which appeared to apply to Plaintiff's claims.  However, Plaintiff's allegations in the Third Amended Complaint continue to violate Rules 8 and 18.  Plaintiff seeks to implicate large numbers of defendants for allegedly retaliatory conduct at different facilities.  Plaintiff is advised that claims are not related under Rule 18 merely because they involve retaliation against Plaintiff.

## IV.    PLAINTIFF'S CLAIMS

Some of Plaintiff's claims may be cognizable under § 1983, but it is not the function of the court to attempt to find them in a complaint so plainly violative of Rule 8 of the Federal Rules of Civil Procedure on its face.

Plaintiff has previously been advised that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  (Doc. 20 at 13 ¶7.)  Plaintiff has also been advised of the requirements for stating claims for retaliation, failure to protect, excessive force, due process, and equal protection.  (Id. 8-12 ¶¶ 1-5.)  These standards shall not be repeated herein.  In the paragraphs that follow are legal standards that appear to apply to new claims set forth in the Third Amended Complaint.

### 1.    **Conspiracy -- §§ 1983, 1985**

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants

4

conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).  A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights.  To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States.  Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together.  Karim-Panahi, 839 F.2d at 626.  A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985.  Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

### 2.    Detention in Administrative Segregation

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of ///

a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the

Due Process Clause itself or from state law.  Id.

    The Due Process Clause itself does not confer on inmates a liberty interest in avoiding

"more adverse conditions of confinement."  Id.  The Due Process Clause itself does not confer

on inmates a liberty interest in being confined in the general prison population instead of

administrative segregation.  See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v.

Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because

he has no liberty interest in freedom from state action taken within sentence imposed and

administrative segregation falls within the terms of confinement ordinarily contemplated by a

sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's

placement and retention in the SHU was within range of confinement normally expected by

inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected

liberty interest in being free from confinement in the SHU) (quotations omitted).

    Under state law, the existence of a liberty interest created by prison regulations is

determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-

84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to

freedom from restraint which . . . imposes atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716,

718 (9th Cir. 2007).

    3.    **Classification Status**

    The Due Process Clause itself does not confer on inmates a liberty interest in a

particular classification status.  See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).  Plaintiff

alleges that defendants wrongfully classified her as a mental health patient.

    Under certain circumstances, labeling a prisoner with a particular classification may

implicate a liberty interest subject to the protections of due process.  Neal v. Shimoda, 131 F.3d

818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex

offender' label coupled with the subjection of the targeted inmate to a mandatory treatment

program whose successful completion is a precondition for parole eligibility create the kind of

deprivations of liberty that require procedural protections.").   However, prisoners have no constitutional right to be incarcerated at a particular correctional facility, <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976), or to employment, <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1997).   Accordingly, absent a motive that implicates constitutional concerns, plaintiff's status as a mental health patient does not give rise to a claim for relief.  <u>Vignolo</u> at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief).

**4.   <u>Personal Property</u>**

Prisoners have a protected interest in their personal property.  <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," <u>Hudson</u>, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. <u>See</u> Cal. Gov't Code §§ 810-895; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.   Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  <u>Superior Court</u>, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi</u>, 839 F.2d at 627.

**5.**     **Improper Venue for Claims Arising in Contra Costa County**

Plaintiff's claims arise from events occurring at the Contra Costa County Jail, VSPW in Chowchilla, California, and CCWF in Chowchilla, California. Plaintiff's claims arising out of events at VSPW and CCWF are proper in this district. However, venue for Plaintiff's claims arising out of events at the Contra Costa County Jail is not proper in this district, and those claims may not be pursued in this action. Plaintiff shall be granted an opportunity to file a Fourth Amended Complaint, in which she should omit any claims for relief arising out of events occurring at the Contra Costa County Jail. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

**6.**     **RICO**

"Among the remedies included by Congress in the Racketeer Influenced and Corrupt Organizations Act ('RICO'), 18 U.S.C. §§ 1961-1968, is a private right of action for treble damages available to '[a]ny person injured in his business or property by reason of a violation of section 1962' of the Act. Id. § 1964(c). Thus, to have standing to sue under civil RICO, a private plaintiff must prove injury to business or property 'by reason of' a RICO violation." Laura Ginger, Comment, Causation and Civil RICO Standing: When is a Plaintiff Injured "by Reason of" a RICO Violation?, 64 St. John's L. Rev. 849 (Fall 1990).

To violate section 1962 of the Act, a person must either (1) receive income derived from a pattern of racketeering activity or through collection of an unlawful debt, (2) acquire or maintain as a principal, through a pattern of racketeering activity or collection of an unlawful debt, an interest in or control of an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce, (3) participate as an employee or associate in such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt, or (4) conspire to violate any of these provisions.

**7.**     **Denial of Access to Courts**

Prisoners have a constitutional right to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817,

824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  <u>Lewis</u>, 518 U.S. at 354.  Within this right to access the courts is the right for prisoners to prepare legal documents without active interference from prison officials.  <u>Id.</u> at 350; <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.").  However, to claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference.  <u>Lewis</u>, 518 U.S. at 350.  In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him.  <u>Id.</u> at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.").

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Third Amended Complaint violates Rules 8(a) and 18(a).  Therefore, the Third Amended Complaint shall be dismissed with leave to amend.[1]

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file a Fourth Amended Complaint curing the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file a Fourth Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 556 U.S. at 676; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There is no

---

[1] Plaintiff is forewarned that the Ninth Circuit recently held that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)."  <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1110 (9th Cir. 2013).  "When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."  <u>Id.</u>  Thus, Plaintiff's continued failure to comply with court rules may result in dismissal of her case, with prejudice.

*respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77.  Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after July 16, 2012.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on July 16, 2012.  Plaintiff is cautioned that she may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint, filed on December 2, 2013, is dismissed for violation of Rules 8(a) and 18(a), with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Fourth Amended Complaint curing the deficiencies identified by the court in this order;

///

4.      Plaintiff shall caption the amended complaint "Fourth Amended Complaint" and refer to the case number 1:12-cv-01156-AWI-GSA-PC;

5.      The Fourth Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation;

6.      Plaintiff may not add any new, unrelated claims to this action via her amended complaint and any attempt to do so will result in an order striking the amended complaint; and

7.      Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed in its entirety.

IT IS SO ORDERED.

Dated:    **June 19, 2014**         **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE