UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>        Plaintiff,<br><br>  vs.<br><br>MARY LATTIMORE, et al.,<br><br>        Defendants. | 1:12-cv-01156-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR STAY<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>ORDER GRANTING REQUEST FOR EXTENSION OF TIME<br><br>(Doc. 43.)<br><br>SIXTY-DAY DEADLINE TO FILE FOURTH AMENDED COMPLAINT |

**I.    BACKGROUND**

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil action. Plaintiff filed the Complaint commencing this action on July 16, 2012. (Doc. 1.) Plaintiff filed the First Amended Complaint on September 20, 2012, the Second Amended Complaint on November 8, 2013, and the Third Amended Complaint on December 2, 2013. (Docs. 8, 28, 34.) On June 19, 2014, the court dismissed the Third Amended Complaint for failure to comply with Rules 8(a) and 18(a), with leave to amend within thirty days. (Doc. 42.)

On July 24, 2014, Plaintiff filed a motion for stay, for injunctive relief, and for an extension of time to file a Fourth Amended Complaint. (Doc. 43.)

## II.     MOTION FOR STAY

Plaintiff requests a stay of the proceedings in this action until prison officials at the California Institution for Women (CIW) in Corona, California, where she is presently incarcerated, have returned her legal file, notes, and research pertaining to this case, and provided her with sufficient access to the law library. Plaintiff argues that she is unable to litigate this action without her legal property or access to the law library. Plaintiff asserts that on June 19, 2014, prison officials seized all of her legal files, notes, and research which were in her cell, including the case file for this action. Plaintiff also asserts that since June 8, 2014, prison officials have curtailed her access to the law library and restricted her to "paging" when in the law library, which is not adequate in light of her existing legal deadlines.

The Court does not lightly stay litigation, due to the possibility of prejudice to defendants. Plaintiff has not shown good cause for the court to stay this action, and stay of the action is not Plaintiff's only remedy. Plaintiff's only pending deadline in this action is to file a Fourth Amended Complaint. In light of the fast approach of this deadline, the court finds good cause to grant Plaintiff additional time to file the Fourth Amended Complaint. However, Plaintiff's motion to stay this action shall be denied.

## III.    MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff requests a court order directing Secretary Cate, Secretary of the California Department of Corrections and Rehabilitation, to return her legal file, research and notes for this case, and to provide her with additional access to the law library, to enable her to prepare a Fourth Amended Complaint in this action. Plaintiff asserts that she was moved to administrative segregation at CIW, most of her property was confiscated, and she is not allowed full access to the law library.

The court lacks jurisdiction to grant Plaintiff's motion. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or

controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>

With respect to actions by prison officials at CIW in June 2014, limiting Plaintiff's law library access and confiscating her property, the court lacks jurisdiction to issue the order sought by Plaintiff because such controversies are not before the court in this case.  Here, Plaintiff's most recent complaint was based on allegations of misdeeds by defendants at three different correctional institutions -- Contra Costa County Jail, Valley State Prison for Women, and Central California Women's Facility -- during a six-year period from August 2003 through August 2009.  An order granting Plaintiff present access to the law library or her property at CIW would not remedy any of the claims upon which this action purports to proceed.

Moreover, the court lacks jurisdiction to grant injunctive relief because on June 19, 2014, the court dismissed Plaintiff's Third Amended Complaint with leave to file a Fourth Amended Complaint, which will supercede the Third Amended Complaint.  Thus, at this juncture the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action.  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).  Accordingly, Plaintiff's motion for preliminary injunctive relief must be denied.

**III.     REQUEST FOR EXTENSION OF TIME**

Plaintiff requests an extension of time in which to file a Fourth Amended Complaint.  Good cause having been presented to the court, and good cause appearing therefor, Plaintiff shall be granted a sixty-day extension of time.

**IV.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for stay is DENIED;

2. Plaintiff's motion for preliminary injunctive relief is DENIED; and

///

3. Plaintiff is GRANTED an extension of time until sixty days from the date of service of this order in which to file a Fourth Amended Complaint, pursuant to the court's order of June 19, 2014.

IT IS SO ORDERED.

   Dated:   **July 25, 2014**                  **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE