UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>        Plaintiff,<br><br>    vs.<br><br>MARY LATTIMORE, et al.,<br><br>        Defendants. | 1:12-cv-01156 AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 52; also resolves Doc. 51.)<br><br>ORDER GRANTING PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO FILE FOURTH AMENDED COMPLAINT<br>(Doc. 50.)<br><br>DEADLINE: <u>FEBRUARY 27, 2015</u> |

**I.      BACKGROUND**

      Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2015, Plaintiff filed objections to the court's screening order issued on June 19, 2014, which dismissed the Third Amended Complaint with leave to amend. (Doc. 52.) The court construes Plaintiff's objections as a motion for reconsideration of the court's screening order. Also on February 2, 2015, Plaintiff filed a motion for extension of time to file a Fourth Amended Complaint. (Doc. 50.) Plaintiff's motion for reconsideration and motion for extension of time are now before the court.

1

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

The court has thoroughly reviewed Plaintiff's motion for reconsideration. Plaintiff disagrees with the court's findings in its screening order, arguing that the Third Amended Complaint should not have been dismissed for violation of Rules 8(a) and 18, and that the court

should not have imposed a twenty-five page limit for the Fourth Amended Complaint. Plaintiff has not set forth facts or law of a strongly convincing nature in her motion for reconsideration to induce the court to reverse its prior decision. Plaintiff's remedy at this stage of the proceedings is to file a Fourth Amended Complaint clearly setting forth her claims, following the court's guidance in the screening order. Therefore, the motion for reconsideration shall be denied.

### III.   MOTION FOR EXTENSION OF TIME

Plaintiff requests an extension of time to file a Fourth Amended Complaint. Plaintiff anticipates that this is the last extension of time she will require to amend the complaint. Good cause appearing, Plaintiff shall be granted an extension of time.

### IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on February 2, 2015, is DENIED;
2. Plaintiff's motion for extension of time, filed on February 2, 2015, is GRANTED; and
3. Plaintiff is GRANTED an extension of time until **February 27, 2015** in which to file a Fourth Amended Complaint, pursuant to the court's order of June 19, 2014.

IT IS SO ORDERED.

Dated:   **February 4, 2015**                         **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE