UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LATTIMORE, et al.,<br><br>　　　　　Defendants. | 1:12-cv-01156-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION UNDER 28 U.S.C. § 144<br>(Doc. 57.) |

**I.　　BACKGROUND**

Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2015, Plaintiff filed an Affidavit of Bias against Magistrate Judge Gary S. Austin under 28 U.S.C. §144. (Doc. 57.)

**II.　　DISQUALIFICATION OF JUDGE - 28 U.S.C. § 144**

　　**A.　　<u>Legal Standard</u>**

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1043 (9th Cir. 2008); <u>U.S. v. Johnson</u>,

610 F.3d 1138, 1147 (9th Cir. 2010).  Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, ... [and a] party may only file one such affidavit in any case."  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979).  "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits."  Id. (citing Azhocar, 581 F.2d at 738).

The substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings.  Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994).  "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555).  "'In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'"  Id.

B. **Plaintiff's Motion**

Plaintiff has filed an affidavit that Magistrate Judge Gary S. Austin has a personal bias or prejudice against her.  Plaintiff asserts that the judge was adversarial in his order dismissing her Third Amended Complaint and misstated material facts from her Third Amended Complaint.  Plaintiff also claims that the judge has subjected her to a far more stringent pleading standard than is normally applied to a pro se prisoner plaintiff.  Plaintiff also claims that the judge denied her rights to due process when he denied her motion for reconsideration instead of forwarding it to the district judge.

**C.     Discussion**

Plaintiff has not presented any evidence that the Magistrate Judge has a personal bias against her from an extra-judicial source.  As discussed above, a judge's rulings while presiding over a case do not constitute extra-judicial conduct.  In re Focus Media, Inc., 378 F.3d at 930.  Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

Moreover, Judge Austin is a United States Magistrate Judge, and Section 144 applies only to district court judges.  28 U.S.C. § 144 (by its terms applicable only to the district courts); Liteky v. United States, 510 U.S. 540, ——, 114 S.Ct. 1147, 1153, 127 L.Ed.2d 474 (1994); see Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 n. 3 (9th Cir.1994) (circuit court judge not subject to recusal under section 144).

Therefore, Plaintiff's motion must be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for disqualification under 28 U.S.C. § 144, filed on February 20, 2015, is DENIED.

IT IS SO ORDERED.

   Dated:   **April 15, 2015**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE