1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11   SUSAN MAE POLK,

Case No.  1:12-cv-01156-DAD-BAM-PC

12        Plaintiff,

FINDINGS AND RECOMMENDATIONS
THAT THIS ACTION BE DISMISSED  FOR
FAILURE TO STATE A CLAIM AND
FAILURE TO COMPLY WITH RULE 8
AND 18

13        v.

14   M. LATTIMORE, et al.,

15        Defendants.

OBJECTIONS DUE IN FOURTEEN DAYS

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

18   § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

19   636(b)(1)(B) and Local Rule 302.    Currently before the Court is Plaintiff's April 15, 2015,

20   fourth amended complaint.

21                                          **I.**

22                            **PROCEDURAL HISTORY**

23        This action was initiated by civil complaint filed on July 16, 2012.  (ECF No. 1.)  The

24   original complaint was thirty-five pages long, and named fifteen defendants.  The complaint was

25   a rambling narrative, referencing allegations of being placed in protective custody, conditions of

26   confinement, and being pepper-sprayed.  On September 20, 2012, Plaintiff filed a first amended

27   complaint, as a matter of right, pursuant to Federal Rule of Civil Procedure 15(a). (ECF No. 8.)

28   On September 17, 2013, an order was entered, dismissing the first amended complaint and

1

1    granting Plaintiff leave to file a second amended complaint. (ECF No. 20.)  The first amended

2    complaint described incidents which allegedly occurred during a two year period from July 2007

3    through September 2009.  The gravamen of Plaintiff's first amended complaint was that she

4    repeatedly told prison officials about her safety concerns, which were ignored, and was

5    repeatedly placed in harm's way, threatened and attacked by other inmates, wrongly accused of

6    rules violations, pepper-sprayed by correctional officers, denied adequate medical care for

7    injuries, and subjected to an improper inmate grievance process.   Plaintiff was advised that her

8    complaint failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)'s

9    requirement that Plaintiff set forth a short and plain statement of her claim.  The first amended

10   complaint was also in violation of Rule 18(a)'s requirement that the first amended complaint

11   include only unrelated claims.  Plaintiff was provided with the applicable legal standards for

12   excessive force and failure to protect Plaintiff in violation of the Eighth Amendment, retaliation

13   in violation of the First Amendment, violations of the Fourteenth Amendment Due Process

14   clause, violations of the Equal Protection clause, appeals process, verbal threats, and state law

15   claims.   Plaintiff was granted leave to file a second amended complaint.   Plaintiff was

16   specifically directed to file a second amended complaint that did not exceed twenty-five pages in

17   length.  On November 8, 2013, Plaintiff filed a second amended complaint that exceeded twenty-

18   five pages. (ECF No. 28.)   On November 15, 2013, an order was entered, striking the second

19   amended complaint on the ground that it violated the order directing her to file a second

20   amended complaint that complied with Rule 8(a), Rule 18(a), and did not exceed twenty-five

21   pages in length. (ECF No. 31.)   On December 2, 2013, Plaintiff filed a third amended complaint.

22   (ECF No. 34.)    Although Plaintiff limited her allegations in the third amended complaint to

23   twenty-five pages, she named more than forty-five defendants, alleging that multiple defendants

24   were responsible for multiple misdeeds, which were set forth in largely conclusory fashion

25   without sufficient facts.  Plaintiff brought unrelated claims against defendants at three different

26   correctional institutions – the Contra Costa County Jail, Valley State Prison for Women, and the

27   Central California Women's Facility.  Plaintiff alleged that defendants retaliated against her,

28   fabricated reports against her, falsely classified her as a mental patient, deterred her from

pursuing litigation, confiscated her personal property, harassed and intimidated her, discriminated against her, and disrupted her court appearances.  On June 19, 2014, an order was entered, dismissing the third amended complaint for violations of Rule 8(a) and 18(a), with leave to file a fourth amended complaint.  Plaintiff was again provided with the appropriate legal standards, and directed to file a fourth amended complaint that did not exceed twenty-five pages in length.  Plaintiff was specifically advised that if she did so, the fourth amended complaint would be stricken from the record.  On April 15, 2015, following requests for extensions, Plaintiff filed the fourth amended complaint which is now before the Court. (ECF No. 66.)

## II.

## FOURTH AMENDED COMPLAINT

Plaintiff's fourth amended complaint exceeds the twenty-five page limit set forth in the order dismissing the third amended complaint.  Further, the fourth amended complaint names sixty six individual defendants, and six separate causes of action.  Plaintiff identifies her causes of action as follows: 1) Conspiracy; 2) Retaliation (deprivation of protection from violence); 3) Retaliatory pepper-spraying and write-ups; 4) Retaliatory stigmatization, threats, intimidation; 5) Retaliatory write-ups and denial of legal resources; 6) Retaliatory obfuscation of CCWF grievances.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff re-states the rambling, narrative allegations in the fourth amended complaint that she did in the original complaint, first amended complaint and third amended complaint. Although the fourth amended complaint is difficult to follow, the Court can discern the following allegations: conspiracy allegations regarding the conduct of Contra Costa County Jail officials in from 2002 through 2005; allegations regarding Plaintiff's underlying criminal prosecution in 2005; allegations of being forced into a cell by other inmates in 2007; allegations that Valley State Prison for Women (VSPW) officials housed Plaintiff in a cell with a mentally ill inmate in 2007;  a campaign of harassment and retaliation upon Plaintiff's arrival at VSPW in 2007; unspecified instances of racially charged incidents, including the use of racial epithets in 2007;

placement in administrative segregation (AdSeg) and conditions of confinement in AdSeg in 2007; improper housing in an 8 person cell in 2007; improper reassignment to a cell under false pretenses in 2007.

Plaintiff alleges that from December of 2008 to June of 2009, she was placed in AdSeg before being transferred back to VSPW and moved from room to room as inmates battered her in each cell. Plaintiff alleges vague, unspecified threats of violence. Plaintiff references her right to refuse assignment to the Mental Health Delivery System (MHSDS). Plaintiff lists 29 of the 66 Defendants, and asserts a conclusory allegation that they retaliated against her and chilled the exercise of her First Amendment rights. Plaintiff makes vague references to false allegations and incitements to violence, as well as a conspiracy to issue disciplinary charges on unjustified charges of refusal to double-cell. Plaintiff alleges that on an unspecified date, several of the Defendants did not allow her to present written documentation at a hearing. Plaintiff makes vague allegations of retaliation for complaining about due process violations. Plaintiff refers to the various ethnicities of several of the Defendants, and alleges that, in response to a different lawsuit pursued by Plaintiff, they colluded to inhibit her law library access. Plaintiff specifically alleges that they did so with discriminatory intent.

## IV.

## DISCUSSION

### A.  Statute of Limitations

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir.

2006), cert. denied, 131 S.Ct. 3055 (2011). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir;. 1995)).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1. The complaint in this action was filed on July 16, 2012 (ECF No. 1.) Plaintiff alleges in her fourth amended complaint that she is serving a sixteen year sentence. Any claims that occurred prior to July 16, 2008, are therefore time-barred. It is apparent that Plaintiff's claims from 2007 and dates prior are barred by the applicable statute of limitations.

///

///

///

///

///

### B.  Rules 8(a) and 18(a)

Further, Plaintiff's fourth amended complaint fails for a clear violation of Rule 8(a) and 18(a) and 20(a) of the Federal Rules of Civil Procedure.  As noted above in the procedural history, Plaintiff was twice provided guidance in the form for Rule 18(a)'s requirements, and Rule 8(a)'s requirement to include a short and plain statement of her claim.  Plaintiff may not proceed in this action on a myriad of unrelated claims against different staff members at different institutions in a single action. Fed. R. Civ. P. 18(a), 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff's second amended complaint and fourth amended complaint are both in violation of the Court's order to limit her complaint to twenty-five pages or less.  Plaintiff's fourth amended complaint, in addition to violating, for the second time, the Court's direction to file a complaint in less than twenty-five pages, names twenty-one additional Defendants.

Plaintiff was previously notified of the applicable legal standards regarding all of her potential claims, and was twice advised of the deficiencies in her pleadings, and despite guidance from the Court, Plaintiff's fourth amended complaint is largely identical to the original complaint, second amended complaint, and third amended complaint.  Unrelated claims against different defendants must be pursued in multiple lawsuits. Based upon the allegations in Plaintiff's original and first, second, third and fourth amended complaints, the Court is persuaded that Plaintiff is unable to comply with Rule 8(a) or 18(a), and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

### C.  Failure to Obey a Court Order

Plaintiff was twice cautioned that her failure to comply with Court orders would result in a recommendation that this action be dismissed for her failure to obey a court order. (ECF No. 20 at 16:18, ECF No. 42 at 9:16.)  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the

action.   Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).   In determining whether to dismiss an action for failure to comply with a court order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).   These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Despite clear guidance from the Court, including the provision of applicable legal standards and direction in filing unrelated claims, Plaintiff persists in filing amended complaints that violate the Court's order to not exceed twenty-five pages in length.   Further, Plaintiff's amended complaints continue to assert vague allegations of conduct occurring over the course of several years at different institutions.   Despite a clear order from the Court to set forth her unrelated claims clearly and concisely, Plaintiff's fourth amended complaint names sixty-six individuals as defendants, and asserts vague allegations as to their conduct in general.   This action cannot proceed without the cooperation of and compliance with Court orders by Plaintiff. The Court finds that further leave to amend is not warranted, and would not result in compliance with the Court's previous orders to set forth unrelated claims in a short and plain statement within the meaning of Federal Rules of Civil Procedure 8(a) and 18(a).

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons stated, Plaintiff's complaint fails to include a short and plain statement her claim pursuant to Rule 8(a) and includes multiple, unrelated claims in violation of Rule 18(a).   Plaintiff's fourth amended complaint exceeds twenty-five pages in length, despite being admonished by the Court twice to limit her complaint to less than twenty-five pages.   This action should therefore be dismissed for Plaintiff's failure to obey a court order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with Federal Rules of Civil Procedure 8(a) and 18(a), and for failure

to obey a court order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B).  Within **fourteen (14)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2016**                    /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE