UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>    Plaintiff,<br><br>    v.<br><br>MARY LATTIMORE et al.,<br><br>    Defendants. | No. 1:12-cv-01156-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM FINAL JUDGMENT<br><br>(Doc. No. 91) |

Plaintiff Susan Mae Polk is appearing *pro se* and *in forma pauperis* in the civil rights action pursuant to 42 U.S.C. § 1983. On February 21, 2017, the court adopted in part the assigned magistrate judge's findings and recommendations and, accordingly, dismissed this action for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8(a) and 18(a) of the Federal Rules of Civil Procedure. (Doc. No. 87.) Judgment was entered in accordance with that order. (Doc. No. 88.)

Following dismissal of this action and entry of final judgment, on April 3, 2017, plaintiff filed the instant motion for relief from judgment under Rule 60(b)(1) and (2) of the Federal Rules of Civil Procedure. (Doc. No. 91.) Thereafter, plaintiff also filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit. (Doc. No. 92.) Plaintiff's appeal is now pending.

1

Before addressing the substance of plaintiff's motion, the court must consider whether it has jurisdiction to entertain such motion while plaintiff's appeal is pending. Generally, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. *Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012) (citing *Davis v. United States*, 667 F.2d 822 (9th Cir. 1982)). Nevertheless,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also Simpson v. Evans*, 525 F. App'x 535, 536 (9th Cir. 2013) (holding that a district court retained jurisdiction to deny a timely-filed motion for relief during the pendency of the petitioner's appeal, pursuant to Rule 62.1(a)(2)).[1] Consequently, this court retains jurisdiction to deny plaintiff's motion for relief from judgment, which it does for the reasons discussed below.

**LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> * * *

A motion under Rule 60(b)(1) or (2) must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c).

Generally speaking, a motion for reconsideration "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).[2] Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

**DISCUSSION**

Plaintiff moves to set aside the court's judgment on several bases.

First, plaintiff contends she has come upon "newly discovered evidence" since she last filed objections to the magistrate judge's findings and recommendations. (Doc. No. 91 at 1–2.) However, plaintiff appears to cite specific allegations she already recited in her October 2, 2016 objections (*see* Doc. No. 86), without explaining whether such allegations were newly discovered since final judgment was entered in this case, or why she could not have discovered those allegations with reasonable diligence prior to entry of judgment. *See Harvest*, 531 F.3d at 749. In its order dismissing the case, the court noted that it fully considered plaintiff's objections, and it further concluded that such objections failed to address or cause reason to disturb a finding that plaintiff's fourth amended complaint failed to comply with Rule 8(a) and 18(a) of the Federal Rules of Civil Procedure. (Doc. No. 87 at 3.) Accordingly, plaintiff's motion for relief from judgment will be denied on this basis.

/////

---

[2] Furthermore, the Local Rules of this court require, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. Local Rule 230(j).

3

1    Second, plaintiff seeks clarification as to whether the court adopted the magistrate judge's findings and recommendations with respect to a finding that certain of plaintiff's claims were time-barred. (Doc. No. 91 at 2–4.) Specifically, plaintiff contends that her pursuit of administrative remedies relating many of her claims should have tolled the statute of limitations as to those claims. While the court acknowledged the magistrate judge's findings with regard to the statute of limitations (*see* Doc. No. 87 at 2 n.1), its dismissal of plaintiff's fourth amended complaint was ultimately premised on a wholly independent basis—namely, failure to comply with the Federal Rules of Civil Procedure. (*See* Doc. No. 76 at 6; Doc. No. 87 at 3.) Thus, even if the court were to now consider plaintiff's time-barred claims in connection with the instant motion for relief from judgment, such consideration would not alter the court's conclusion with respect to the nature of plaintiff's pleadings. Thus, plaintiff's motion for relief from judgment will also be denied in this regard.

Finally, plaintiff argues that the court misstated that "[t]here simply is no dispute" that her fourth amended complaint contained several unrelated allegations. (Doc. No. 91 at 4.) In fact, plaintiff argues, she did specifically dispute this issue in her objections. (*Id.*) Having considered plaintiff's prior objections and the arguments she makes now, the court finds no clear legal error in its prior determination. Accordingly, plaintiff's motion for relief from judgment is denied on this final ground.

**CONCLUSION**

For all the reasons set forth above, plaintiff has failed to establish a substantive basis for relief from judgment in this case. Accordingly, plaintiff's motion for relief from judgment (Doc. No. 91) is denied.

IT IS SO ORDERED.

Dated: **October 11, 2017**

UNITED STATES DISTRICT JUDGE

4