# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARY LATTIMORE, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01156-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH RULE 8 AND 18<br><br>[Doc. 66]<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Susan Mae Polk is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**PROCEDURAL HISTORY**

This matter has a lengthy history, which the Court will briefly summarize. This action was initiated by civil complaint filed on July 16, 2012. (Doc. 1.) The original complaint was thirty-five pages long, and named numerous defendants. The complaint was a rambling narrative, referencing allegations of being placed in protective custody, conditions of confinement, and being pepper-sprayed.

On September 20, 2012, Plaintiff filed a first amended complaint, as a matter of right, pursuant to Federal Rule of Civil Procedure 15(a). (Doc. 8.) On September 17, 2013, the Court screened

1

Plaintiff's first amended complaint, preparing a lengthy order analyzing Plaintiff's allegations, and determining that the pleading violated Federal Rules of Civil Procedure 8(a) and 18(a). Extensive guidance was given on the applicable legal standards, and Plaintiff was granted leave to file a second amended complaint. Plaintiff was specifically directed to file a second amended complaint that did not exceed twenty-five pages in length. (Doc. 20.)

On November 8, 2013, Plaintiff filed a second amended complaint consisting of thirty-four handwritten pages and five pages of exhibits, in violation of the Court's order. (Doc. 28.) Plaintiff also filed a motion seeking leave to waive the page limit. (Doc. 30.) On November 15, 2013, the Court entered an order denying Plaintiff's motion to waive the page limit, and striking the second amended complaint. The Court explained to Plaintiff that the excessive pages were not needed if Plaintiff would comply with Rule 18 as instructed. The Court further explained to Plaintiff that she sought to bring claims for which venue in this judicial district was improper. Plaintiff was again granted leave to file an amended complaint not to exceed twenty-five pages in length. (Doc. 31.)

On December 2, 2013, Plaintiff filed a third amended complaint. (Doc. 34.) Plaintiff's third amended complaint consists of thirty-three pages, including a one-page caption, a two-page table of contents, twenty-five handwritten pages, and five pages of exhibits. She further filed an appendix with an additional four pages of material. (Doc. 35.) She also filed a request for judicial notice in support of her third amended complaint containing additional material to be considered with her third amended complaint. (Doc. 38.) Plaintiff again named numerous defendants, brought unrelated claims against defendants at three different correctional institutions, and made conclusory allegations.

The Court struck Plaintiff's appendix, (Doc. 37), and denied the request for judicial notice, (Doc No. 39). On June 19, 2014, the Court again ruled that Plaintiff violated Rules 8(a) and 18(a), gave Plaintiff guidance on the applicable legal standards, and granted Plaintiff leave to file a fourth amended complaint that did not exceed twenty-five pages in length. (Doc. 42.) Plaintiff was expressly warned that the repeated violation of Rule 8(a) and the refusal to conform her pleadings to the Federal rules would result in the dismissal of her case, with prejudice. (*Id* at 9, n.1) (citing *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)).

///

On April 15, 2015, following several requests for extensions, Plaintiff filed the fourth amended complaint. (Doc. 66.) Following that, Plaintiff filed other motions and objections to prior orders, which were ruled upon.

On May 5, 2016, the undersigned entered findings and recommendations upon screening the fourth amended complaint. Once again, the Court found that Plaintiff had filed a pleading exceeding the twenty-five-page limit despite the Court's prior express admonishments. The fourth amended complaint named dozens of defendants and contained rambling, narrative allegations. Plaintiff's allegations again involved defendants at different institutions and unrelated claims. Plaintiff asserted vague and conclusory allegations that were unsupported by specific facts despite the Court's prior guidance on the applicable legal standards. Finding that the fourth amended complaint violated Rules 8(a) and 18(a), and that Plaintiff had repeatedly violated numerous Court's orders, the undersigned recommended dismissal of the action.

Following the issuance of the findings and recommendations, Plaintiff submitted numerous filings regarding her objections, including requests for extension of time, objections and amended objections, and motions seeking other relief. On February 21, 2017, the District Judge issued an order adopting the findings and recommendations in part. The District Judge found that Plaintiff's fourth amended complaint contained unrelated allegations pertaining to different defendants in different locations over a span of many years, and that Plaintiff had been repeatedly warned that such unrelated claims must be brought in separate lawsuits. Accordingly, this action was dismissed for Plaintiff's failure to comply with Rules 8(a) and 18(a). (Doc. 87.) Judgment was entered that same day. (Doc. 88.)

On April 19, 2017, Plaintiff appealed the final order and judgment. (Doc. 92.) On February 23, 2018, the Ninth Circuit Court of Appeals issued an order affirming in part and vacating in part the judgment, and remanding the action. (Doc. 99.) The Ninth Circuit found that all but one of Plaintiff's claims were properly dismissed. Regarding Plaintiff's allegations in the fourth amended complaint against Correctional Officer Baron concerning an alleged "snitch jacket," the Ninth Circuit held that it was not clear whether the claim had been considered, and thus the matter was remanded for further proceedings only on that claim. (*Id*. at 2.) The Ninth Circuit's mandate was issued on March 19, 2018.

Consequently, Plaintiff's claim against Officer Baron concerning a "snitch jacket" in the fourth amended complaint is before the Court. (Doc. 66.)

**II.**

**DISCUSSION**

**A.     "Snitch Jacket" Claim**

Allegations that prison officials labeled an inmate a "snitch" may support a cause of action under section 1983. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). Here, Plaintiff alleges in part that on July 23, 2008, she was hit on the back of her head by her cellmate, inmate Miranda, after Officer Baron put a "snitch jacket" on her. (Fourth Am. Compl., at 21 ¶ 25.) However, her complaint also contains many other allegations about this matter. Although the allegations are conclusory and disjointed, the Court will attempt to summarize the relevant allegations here.

In her fourth amended complaint, Plaintiff alleges that she was having numerous problems when she was housed at Valley State Prison for Women ("VSPW"). After pursuing grievances and making various reports and complaints, she was transferred to Central California Women's Facility ("CCWF"), sometime on or around June 22, 2007. Plaintiff alleges that Officer Baron was employed as a guard at CCWF, and therefore was responsible for her welfare, along with many other staff and officials.

According to Plaintiff, immediately upon her arrival at CCWF, the acting warden, Lieutenant Tucker, and other prison officials "initiated the C.C.W.F. campaign of harassment and retaliation . . . ." (*Id*. at 14 ¶ 1.) Plaintiff further alleges that in her interview with Lieutenant Tucker, she related numerous things, including that many inmates throughout VSPW and CCWF wanted to seriously injure, rape, or kill her. Further, Plaintiff related that she had a "snitch jacket" put on her by another defendant, Freeman, who had formerly been at VSPW and was now transferred to CCWF. There are very few factual allegations in support of Plaintiff's statements here, but overall, she contends that she was in danger because the inmates and officers were of a different race and religion than her. Plaintiff asserts that she was then placed in Ad-Seg. (*Id*. at 14-15, ¶ 2.)

///

Later, Plaintiff alleges that upon her release from Ad-Seg, on or about July 23, 2007, she was assigned to an eight-person cell in general population. According to Plaintiff, she was in immediate danger because of the presence of Freeman at CCWF. Further, Plaintiff contends that she should have been placed in single-cell housing, but instead she was assigned cellmates who were likely to prey on her due to their violent history and their racial and religious animus against her. Finally, she alleges that she was placed in overcrowded cells, which she alleges led to violent altercations. (*Id*. at 15-16, ¶¶ 4-8.).

Plaintiff then alleges that over the next several months, she was placed in and out of Ad. Seg. and in and out of various eight-person cells in general population. (*Id*. at 17-18, ¶¶ 9-12.) She was transferred to court for proceedings, and upon her return on or about November 6, 2007, complained of more safety/enemy concerns, which were disregarded. She was again assigned to an eight-person cell in general population with inmates "known for racketeering and inmate-on-inmate-violence, who were likely to harbor ethno-religious animus, given the misinformation in [her] C-file leaked to inmates by C.C.W.F. officials. . . ." (*Id*. at 18, ¶ 13.) Over the next months, Plaintiff was again placed in and out of Ad. Seg. and various cells in general population, and was placed in the same unit as Freeman. (*Id*. at 18-20, ¶¶ 14-20.)

In early June 2008, Plaintiff was released from Ad-Seg into an eight-person cell in general population, and within days was injured in an altercation with a cellmate. (*Id*. at 20, ¶22.) On June 15, 2008, Plaintiff persuaded an officer to take her for medical care. (*Id.* at 20-21, ¶¶ 23-24.) Then, on or about July 23, 2008, Plaintiff alleges that Officer Baron put a "snitch jacket" on her, resulting in another cellmate, Miranda, hitting her on the back of the head with a blunt object, cutting her scalp. (*Id*. at 66, ¶ 25.) As best the Court can do, this is a limited summary of the context of Plaintiff's allegations concerning Officer Baron in her fourth amended complaint.

In general, an amended complaint supersedes an original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). However, where factual allegations in an amended complaint are inconsistent with facts alleged in a prior complaint, a court need not accept the new allegations as true. *See Azadpour v. Sun Microsys., Inc.*, No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district

court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'") (citations omitted); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329–30 (9th Cir. 1981) (authority to strike complaint allegations as false and sham pursuant to Federal Rule of Civil Procedure 11). *See also Jones v. Bayer Healthcare LLC*, No. 08–2219 SC, 2009 WL 1186891, at *3 (N.D. Cal. May 4, 2009) (striking plaintiff's amended pleading because it was factually inconsistent with plaintiff's previous complaint). Further, a plaintiff may not change the nature of this suit by adding new, unrelated claims in an amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). With these standards in mind, the Court also turns to a summary and evaluation of the relevant allegations in the prior pleadings in this case.

Plaintiff's original, seventy-page complaint, detailed numerous incidents and named many defendants, but makes no mention of Officer Baron. (Compl., Doc. 1.) Regarding the July 23, 2008 incident, Plaintiff alleges that inmate Miranda hit her on the head while she was standing at her cell door waiting for an evening count, but does not make any allegations that the incident was related to any "snitch jacket" issue. (*Id*. at p. 26, ¶¶ 1-4.) Plaintiff's first amended complaint also does not mention Officer Baron as a defendant, and contains similar allegations as the original complaint. (First Am. Compl., Doc. 8, at 27, ¶¶ 1-4.) As discussed above, Plaintiff's second amended complaint was stricken. (Doc. 31.)

Plaintiff's third amended complaint asserts that Plaintiff told Officer Baron that Miranda and Miranda's friend were trying to coerce Plaintiff into assisting with black market drug trades, and that inmate Miranda hit her for "telling." (Third Am. Compl., Doc. 34, at 18 ¶ 18.) However, Plaintiff also alleged that the inmate attacks on her were caused by racial animus against Caucasians and educated people, and other "members of her class," were caused by her cellmates' history and propensity for violence, and were caused by overcrowding. (*See id*. at 9-10, ¶ 7.)

In the context of this case and of Plaintiff's many, confusing, contradictory, unsupported, and conclusory allegations, the Court finds that Plaintiff has not stated a cognizable claim here against Officer Baron. Plaintiff's pleadings show that her claim is an ever-growing, moving-target. Despite numerous orders from the Court explaining the need for her to state facts in support of her assertions, Plaintiff has not done so. What Plaintiff contends is the cause of her injury by her cellmate Miranda is

unclear, as she alleges the blame arises from multiple sources. These sources include, but are not limited to, everything from discriminatory animus between her and her cellmates due to her race, religion or other factors, the innate violent nature of inmate Miranda and other inmates, dangers arising from overcrowding, and potentially "snitch jackets." But these issues are alleged in a conclusory, ranting nature, unsupported by facts sufficient to state any claim here. Therefore, Plaintiff has failed to state a cognizable claim.

**B.     Rules 8(a) and 18(a)**

Other violations of the Federal Rules in this case require the dismissal of Plaintiff's case, and support not granting any further leave to amend here. Plaintiff's fourth amended complaint violates Rule 8(a) and 18(a) of the Federal Rules of Civil Procedure, of which Plaintiff had been repeatedly warned. As noted above in the procedural history, Plaintiff was repeatedly provided guidance in the form for Rule 18(a)'s requirements, and Rule 8(a)'s requirement to include a short and plain statement of her claim. Yet her fourth amended complaint contains a myriad of unrelated claims against different staff members at different institutions in a single action. Fed. R. Civ. P. 18(a), 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

A complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. *Id*. Although the Court attempts to construe the complaint liberally, due to the repeated violations of these rules, there is no fair, plain, consistent or succinct notice of the claim against Officer Baron in this case or the facts upon which Plaintiff relies upon to bring that claim. As discussed above, the pleading contains confusing, contradictory, and conclusory assertions and the nature of her claim against any single defendant cannot be properly determined. Based upon the record here, the Court is persuaded that Plaintiff is unable to comply with Rule 8(a), or Rule 18(a), and further amendment would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th. Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446-1449 (9th Cir. 1987).

### C. Failure to Obey a Court Order

Finally, Plaintiff was repeatedly cautioned that her failure to comply with court orders would result in a recommendation that this action be dismissed for her failure to obey a court order. (Doc. 20 at 16:18, Doc. 42 at 9:16.) The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a court order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

Despite clear guidance from the Court, in multiple orders, including the provision of applicable legal standards and direction in filing unrelated claims, Plaintiff persists in filing amended complaints that violate the courts' orders, at a minimum, to not exceed twenty-five pages in length. Further, Plaintiff's amended complaints continue to assert vague allegations of conduct occurring over the course of several years at different institutions. Despite a clear order from the Court to set forth her unrelated claims clearly and concisely, Plaintiff's fourth amended complaint names numerous defendants from different institutions, and asserts vague allegations as to their conduct in general. This action cannot proceed without the cooperation of and compliance with court orders by Plaintiff.

### III.
### CONCLUSION AND RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a cognizable claim, failure to comply with Federal Rules of Civil Procedure 8(a) and 18(a), and for failure to obey a court order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14)**

**days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 10, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE