UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARY LATTIMORE, et al.,<br><br>　　　　　Defendants. | No. 1:12-cv-01156-DAD-BAM<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART</u><br><br><u>ORDER GRANTING LEAVE TO FILE FIFTH AMENDED COMPLAINT ON A SINGLE CLAIM WITHIN 30 DAYS</u><br><br>(Doc. Nos. 66, 102, 109) |

Plaintiff Susan Mae Polk is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2017, the undersigned dismissed this action due to plaintiff's failure to comply with Federal Rules of Civil Procedure 8(a) and 18(a). (Doc. No. 87.) Judgment was entered the same day. (Doc. No. 88.) On April 19, 2017, plaintiff appealed the final order and judgment. (Doc. No. 92.) On February 23, 2018, the Ninth Circuit Court of Appeals issued an order affirming in part and vacating in part the judgment, and remanding the action. (Doc. No. 99.) The Ninth Circuit found that all but one of plaintiff's claims were properly dismissed. The Ninth Circuit held that it was not clear whether plaintiff's allegations in her fourth amended

1

complaint against correctional officer Baron concerning an alleged "snitch jacket" being placed upon plaintiff had been considered by this court. Accordingly, the matter was remanded for further proceedings only as to that claim. (*Id.* at 2.) The Ninth Circuit's mandate was issued on March 19, 2018. (Doc. No. 101.)

On May 11, 2018, the assigned magistrate judge filed findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim, failure to obey a court order, and failure to comply with Rules 8 and 18 of the Federal Rules of Civil Procedure in filing her fourth amended complaint. (Doc. No. 76.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days. (*Id.* at 8-9.) On May 29, 2018, plaintiff filed a motion for an extension of time, seeking approximately sixty additional days to file objections to the findings and recommendations. (Doc. No. 103.) On June 1, 2018, the court granted plaintiff's motion in part and ordered that her objections be filed within thirty days of the date of service of that order. (Doc. No. 104.) On July 5, 2018, plaintiff filed a second motion for an additional extension of time to file objections to the findings and recommendations, until July 19, 2018. (Doc. No. 106.) On July 9, 2018, the court granted that motion. (Doc. No. 107.) On July 18, 2018, plaintiff timely provided her objections to prison officials for mailing. (Doc. No. 109.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court adopts the findings and recommendations in part.

Plaintiff's objections are lengthy and scattershot in nature, made up primarily of contending that nearly each paragraph of the pending findings and recommendations are "untrue." (Doc. No. 109.) Nonetheless, plaintiff has objected to dismissal of the remaining claim of her fourth amended complaint, in which plaintiff alleges that on July 23, 2008, she was labeled a "snitch" by correctional officer Baron, resulting in plaintiff's cellmate hitting plaintiff on the back of her head with a blunt object and cutting her scalp. Allegations by a prisoner that they have been labeled as a "snitch" by prison officials thereby exposing the prisoner to risk of harm at the hands of other prisoners can state a cognizable claim under 42 U.S.C. § 1983. *See Valandingham*

*v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). However, as pointed out in the pending findings and recommendations, plaintiff's bare allegation that she was labeled a "snitch" by correctional officer Baron, was absent from plaintiff's prior complaints filed in this action. Indeed, defendant Baron was not mentioned at all in plaintiff's original complaint filed July 16, 2012[1] or in her first amended complaint filed on September 20, 2012. Although in her third amended complaint filed December 2, 2013, plaintiff mentioned defendant Baron for the first time, she did not allege therein that Baron had placed a snitch jacket on her but instead alleged that she told Baron that her cellmate Miranda hit her on July 23, 2008 because plaintiff had been "telling" on Miranda regarding Miranda's black-market drug trade and due to race, education, and class-based animus. Not until her lengthy fourth amended complaint, filed on April 15, 2015, did plaintiff finally allege that on July 23, 2008, defendant Baron had put a snitch jacket on her causing her to be hit over the head by cellmate Miranda. This most recent bare and conclusory allegation appears to be contrary to those allegations leveled by plaintiff in her earlier complaints. At the very least, this new allegation against defendant Barron is the latest version in plaintiff's ever-evolving contention regarding events that are alleged to have occurred over ten years ago.

      Nonetheless, the undersigned is cognizant of the Ninth Circuit's holding in this case that as to plaintiff's allegation that she was labeled a "snitch" by defendant Barron, leave to amend should be granted if appropriate. The Ninth Circuit's jurisprudence is somewhat unclear as to whether leave to amend should be granted in the face of inconsistent allegations such as those alleged here. *Compare Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding."), *with PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations."). District courts attempting to reconcile *Airs Aromatics* and *PAE*

---

[1] Plaintiff filed her original complaint almost four years after this incident she now alleges took place. Thus, she would have been aware of it and of defendant Baron's alleged actions when she filed her original complaint in which she did not even mention Baron.

3

*Government Services* have, out of an abundance of caution, granted leave to amend even when those allegations are inconsistent with prior pleadings. *See Hernandez v. Schaad*, No. 17-CV-04055-HSG, 2017 WL 6731624, at *3 (N.D. Cal. Dec. 29, 2017); *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-CV-05554-JST, 2018 WL 2984834, at *5 (N.D. Cal. June 14, 2018). The undersigned concurs with this approach and will permit plaintiff one final opportunity to state a claim for relief, only as to her allegations that defendant Barron labeled her a "snitch." Plaintiff is advised, however, that when evaluating any fifth amended complaint she may elect to file, "the court may also consider the prior allegations as part of its context-specific inquiry based on its judicial experience and common sense to assess whether an amended complaint plausibly suggests an entitlement to relief." *McKenna v. WhisperText*, No. 5:14-CV-00424-PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (internal quotation marks and brackets omitted).

Accordingly:

1. The findings and recommendations issued May 11, 2018 (Doc. No. 102) are adopted in part;
2. Plaintiff's claim for retaliation under 42 U.S.C. § 1983 is dismissed with leave to amend;
3. Within 30 days from the date of service of this order, plaintiff is directed to file a fifth amended complaint limited to her claim that defendant Barron labeled her as a "snitch"; and
4. Plaintiff is warned that failure to timely file the amended complaint will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **November 5, 2018**

UNITED STATES DISTRICT JUDGE

4