# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | Case No. 1:12-cv-01156-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| LATTIMORE, *et al.*, | (ECF No. 117) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

This action has a lengthy history, which the Court has summarized in prior orders and declines to set forth here. Relevant to the instant findings and recommendations, on November 5, 2018, the assigned District Judge granted Plaintiff leave to file a fifth amended complaint "limited to her claim that defendant Barron labeled her as a 'snitch'." (ECF No. 113, p. 4.) Following an extension of time, Plaintiff filed a fifth amended complaint on February 4, 2019. (ECF No. 116.) Plaintiff filed another fifth amended complaint on February 15, 2019. (ECF No. 117.) Upon review of both filings, the Court concluded that the documents were both timely filed and identical aside from minor typographical and clerical corrections, and therefore ordered the February 4, 2019 document stricken as duplicative. (ECF No. 118.)

1

Plaintiff's fifth amended complaint, filed February 15, 2019, is currently before the Court for screening.

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Institution for Women ("CIW") in Corona, California. The events in the amended complaint are alleged to have occurred while Plaintiff was housed at Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff has named Correctional Officer M. Baron as the sole defendant. Plaintiff sues Defendant Baron in his individual and official capacity. Plaintiff alleges as follows:

///

Defendant Baron was Plaintiff's housing officer during the time inmates had access to the Day Room and Yard. Inmate Janelle Miranda, Plaintiff's cellmate at the time, had a history of violence against cellmates and was in the Mental Health Delivery System.

On July 20, 2008, Plaintiff again informed Defendant Baron that Inmate Miranda had been threatening Plaintiff with great bodily harm. This was Plaintiff's custom to do when such threats arose and when attacked by inmates. Defendant Baron did not take any steps to protect Plaintiff or ensure her safety. Instead, Defendant Baron ordered Plaintiff to return to the cell with Inmate Miranda.

Defendant Baron informed Inmate Miranda that Plaintiff had told Baron Plaintiff was concerned for her own safety and that Miranda had threatened Plaintiff with great bodily harm. Defendant Baron also informed Inmate Miranda and Plaintiff's other cellmates that Plaintiff was "602ing" (filing grievances against) staff members. Defendant Baron put what is known in prison as a "snitch jacket" on Plaintiff by informing Inmate Miranda that Plaintiff had told him Miranda was threatening Plaintiff's life.

On the evening of July 20, 2008, Inmate Miranda called Plaintiff a "snitch" and yelled at Plaintiff for complaining to Defendant Baron that Miranda had been threatening Plaintiff. Inmate Miranda also yelled at Plaintiff for "602ing" staff.

Inmate Miranda was still yelling at Plaintiff and threatening Plaintiff for informing Defendant Baron that Miranda had threatened Plaintiff's life and was ranting at Plaintiff about "602ing" staff when Plaintiff went to the locked cell door for the 8 p.m. Closed-A Count. Plaintiff's back was to Inmate Miranda when Miranda cut open Plaintiff's scalp by hitting Plaintiff on the back of her head with a hard plastic cup while Plaintiff was standing by the cell door for the count.

Plaintiff's scalp bled heavily, and she alleges she could have died from blood loss had she not applied a compress to her scalp. Plaintiff's tee-shirt was drenched with blood. It took eight staples in the Emergency Room of the Madera Community Hospital to close the wound.

Plaintiff requests a declaration that the acts and omissions described violated her rights under the First, Eighth, and Fourteenth Amendments of the U.S. Constitution; a preliminary and

permanent injunction to the Director of Adult Institutions and Plaintiff's housing staff to protect her from the imminent danger imposed by having had a "snitch jacket" placed on her; and compensatory and punitive damages.

### III. Discussion

#### A. Official Capacity

"Suits against state officials in their official capacity . . . should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." Id. at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against Defendant Baron in his official capacity is barred by the Eleventh Amendment.

#### B. First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F. 2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

At the pleading stage, the Court finds that Plaintiff states a cognizable claim for retaliation against Defendant Baron in his individual capacity arising from allegations that Defendant Baron informed Plaintiff's cellmate that Plaintiff had filed grievances against correctional staff, leading to Plaintiff's assault at the hands of her cellmate.

### C. Eighth Amendment – Deliberate Indifference

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34; Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer v, Brennan, 511 U.S. 825, 834 & 841 (1994); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

The Ninth Circuit has held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates are sufficient to state a claim of deliberate indifference to an inmate's safety.  See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendant Baron in his individual capacity arising from allegations that he placed a "snitch jacket" on Plaintiff by informing Inmate Miranda that Plaintiff had reported Inmate Miranda's threats on Plaintiff's life.

### D. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the

proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### E.  Injunctive Relief

Plaintiff also requests injunctive relief ordering the Director of Adult Institutions and Plaintiff's housing staff to protect her from the imminent danger imposed by having had a "snitch jacket" placed on her.

"[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury. Jones, 444 F.3d at 1126. Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

To the extent Plaintiff is requesting injunctive relief specific to harm she might suffer at CCWF, that request is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

///

To the extent Plaintiff requests an order for injunctive relief against non-parties such as the Director of Adult Institutions, such a request is not "narrowly drawn" or the "least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Furthermore, only Defendant Baron is named as a defendant in this action. The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

## IV.     Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's fifth amended complaint states cognizable claims against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. Plaintiff fails to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's fifth amended complaint, filed February 15, 2019, against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment.
2. All other claims be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **August 7, 2020**            /s/ *Barbara A. McAuliffe*  
                                          UNITED STATES MAGISTRATE JUDGE