1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SUSAN MAE POLK,                          No.  1:12-cv-01156-DAD-BAM (PC)

12             Plaintiff,

13        v.                                  ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS
14   MARY LATTIMORE, et al.,
                                              (Doc. No. 120)
15             Defendants.

16

17        Plaintiff Susan Mae Polk is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20                                     **BACKGROUND**

21        This case has had a lengthy history since its filing in 2012.  (Doc. No. 1.)  In this order the

22   court will recount only the events which have transpired since November 5, 2018, when the

23   undersigned granted plaintiff leave to file a fifth amended complaint related to her claim that

24   defendant M. Baron had placed her a "snitch jacket" on her.  (Doc. No. 113 at 4.)  On November

25   26, 2018, plaintiff's motion for an extension of time was entered on the docket.  (Doc. No. 114.)

26   The court granted the extension in an order entered November 29, 2018.  (Doc. No. 115.)

27   /////

28   /////

                                            1

1    Plaintiff  then caused the operative fifth amended complaint to be filed on February 15, 2019.

2    (Doc. No. 117.)[1]

3          On August 7, 2020, the assigned magistrate judge screened plaintiff's fifth amended

4    complaint as required by 28 U.S.C. § 1915A(a) and issued thorough findings and

5    recommendations.  (Doc. No. 120.)  Therein, it was recommended that this action proceed against

6    defendant Baron in his individual capacity for alleged retaliation in violation of the First

7    Amendment and for deliberate indifference in violation of the Eighth Amendment.  (*Id*. at 7.)  It

8    was also recommended that any claim for monetary damages against defendant Baron in his

9    official capacity be dismissed as barred by the Eleventh Amendment and was further

10   recommended that the claims for injunctive and declaratory relief be dismissed.  (*Id*. at 4–7.)  The

11   findings and recommendations were served on plaintiff and contained notice that any objections

12   thereto were to be filed within fourteen days.  (*Id*. at 7–8.)  In a request for extension time

13   received by the court on August 20, 2020, in which she sought approximately 60 days to file

14   objections, plaintiff represented that she did not receive the August 7, 2020 findings and

15   recommendations until August 13, 2020.  (Doc. No. 121 at 1.)  On August 21, 2020, the

16   magistrate judge granted plaintiff's motion for extension of time in part and ordered that her

17   objections be filed within thirty days from the date of that order.  (Doc. No. 122.)  On September

18   16, 2020, the court received a motion for an additional extension of time from plaintiff seeking

19   until October 21, 2020, to file objections to the August 7, 2020 findings and recommendations.

20   (Doc. No. 123.)  On September 18, 2020, the magistrate judge granted that motion.  (Doc.

21   No. 124.)  Plaintiff then timely provided her objections to prison officials for mailing, and her

22   objections were entered on the court's docket on October 22, 2020.  (Doc. No. 125.)  On October

23   26, 2020, the court received amended objections to the findings and recommendations from

24   plaintiff.  (Doc. No. 126.)

25   /////

26

27   _____

     [1]  Plaintiff had previously filed another fifth amended complaint on February 4, 2018 (Doc. No.
28   116).  After a review of the two filings, the assigned magistrate judge struck the February 4, 2019
     document as duplicative on February 22, 2019.  (Doc. Nos. 118, 120 at 1.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including both sets of plaintiff's objections, the court adopts the pending findings and recommendations.

**DISCUSSION**

Plaintiff raises the following objections[2] to the August 7, 2020 findings and recommendation: (1) her claim for monetary damages against defendant Baron should not be dismissed because he was sued in both his individual and official capacity (Doc. No. 126 at 5, 8–10); (2) her claim for injunctive relief against defendant Baron is not moot (*id*. at 12–20); (3) she should be permitted to advance a claim for declaratory relief (*id*. at 10–12); (4) she should once again be granted leave to amend her complaint because she was not advised in prior court orders that certain of her claims could not be brought (*id*. at 6–8); and (5) this court should construe un-named parties as parties named in the fifth amended complaint (*id*. at 20–21.) This court addresses each of plaintiff's objections in turn below.

**A.     Claims Against Defendant Baron**

      1.     <u>Monetary Damages</u>

Plaintiff asserts that her claim for damages should not been dismissed because she had sued defendant Baron in his individual as well as official capacity. (*Id*. at 5, 8.) Plaintiff's objection in this regard is misguided. The undersigned notes that the pending findings and recommendations recommend only that plaintiff's claim for monetary damages brought against defendant Baron in his *official* capacity is barred by the Eleventh Amendment. (Doc. No. 120 at 4.) No recommendation was made that plaintiff's claim for damages against defendant Baron in his individual capacity should be dismissed (*id*. at 5), and the undersigned agrees it should not be dismissed at this time.

/////

/////

---

[2] Unless otherwise noted, all citations refer to plaintiff's amended objections (Doc. No. 126). Both sets of objections appear largely identical, with the principle difference being that the amended objections were typed instead of handwritten.

1

2.     Injunctive Relief Against Defendant Baron

2

Plaintiff objects to the recommendation that any claim for injunctive relief she seeks

3

against defendant Baron be dismissed as moot.  (Doc. No. 126 at 12-20.)[3]  Plaintiff argues that an

4

injunction would not be moot because she is in imminent danger from harm at the hands of other

5

inmates where she is currently incarcerated as result of the "snitch jacket" defendant Baron

6

allegedly placed on her.  (*Id.* at 14–16.)

7

It is does not appear clear from the face of the complaint that plaintiff is seeking

8

injunctive relief as to defendant Baron.  (Doc. No. 117 at 5–8.)  The sole mention of an injunction

9

is in plaintiff's prayer for relief and is directed only at the California Department of Corrections

10

and Rehabilitation ("CDCR") Director of Adult Institutions.  (*Id.* at 8.)  The allegations brought

11

against defendant Baron by plaintiff describe actions that occurred over a decade ago at a prison

12

where plaintiff is no longer incarcerated.  (Doc. No. 117 at 6.)  Plaintiff does not allege any

13

current actions undertaken by defendant Baron that she seeks to enjoin and does not plead any

14

facts suggesting a reasonable expectation of being put in defendant Baron's charge in the future.[4]

15

Even in the case relied upon by plaintiff, the Ninth Circuit found that when a prisoner is

16

transferred away from a prison, "action will usually become moot as to conditions at that

17

particular facility."  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (permitting only a

18

claim brought against the Director of Adult Institutions, not those brought against individual

19

prison officials, which the court ruled had been rendered moot).

20

While plaintiff does allege a risk of injury from inmates where she is currently

21

incarcerated, she does not allege any imminent danger posed to her as a result of any actions or

22

inactions *by defendant Baron.  See Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th

23

---

24

[3]  Elsewhere her objections, plaintiff indicates she is seeking a preliminary injunction against

25

defendant Baron and the un-named parties to this action.  (Doc. No. 126 at 22.)  Such a request
must be brought by way of a motion.  (*See* L.R. 231.)  Additionally, since no defendant has yet
appeared in this action, the court does not have jurisdiction to order the injunctive relief that

26

plaintiff now apparently wishes to seek.

27

[4]  The prospect of any further interaction with defendant Baron seems exceedingly unlikely to

28

occur because plaintiff also alleges she was moved to a new prison as a result of the injuries she
allegedly sustained while in defendant Baron's care.  (Doc. 126 at 14 n.4.)

1   Cir. 2016) (explaining that "a plaintiff must demonstrate immediate threatened injury as a

2   prerequisite to preliminary injunctive relief" among other factors (citation and internal quotation

3   marks omitted)); *see also Florence v. Kernan*, 813 F. App'x 325, 326 (9th Cir. 2020)[5] (citing

4   *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (determining that a prisoner's claims for

5   injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved

6   and "he has demonstrated no reasonable expectation of returning to [the prison]").  Thus, the

7   undersigned concludes that the pending findings and recommendations correctly found that such

8   an injunction related to defendant Baron, to the extent one is sought by plaintiff, has been

9   rendered moot and that any claim brought by plaintiff in that regard should be dismissed.

10          3.      Declaratory Relief

11          Plaintiff next argues that her claim for declaratory relief should be allowed to proceed.

12   (Doc. No. 126 at 10–12.)  Specifically, plaintiff contends that her claims for declaratory relief are

13   not completely subsumed by her claim for damages because she also is bringing an injunction

14   against the CDCR Director of Adult Institutions.  (*Id*. at 11.)  This argument conflates the two

15   separate claims plaintiff wishes to advance and implicitly concedes that declaratory relief as to

16   defendant Baron would be subsumed by her claim for damages against defendant Baron which

17   will be allowed to proceed.  Accordingly, the undersigned agrees with the conclusion reached in

18   the findings and recommendations that a declaration from the court that defendant Baron violated

19   plaintiff's rights is unnecessary and that plaintiff's claim for declaratory relief should be

20   dismissed.

21   **B.     Injunctive Relief Against CDCR Director of Adult Institutions**

22          Plaintiff also objects to the recommendation that her claim for injunctive relief against a

23   non-party CDCR Director of Adult Institutions be dismissed.  (Doc. No. 126 at 12.)  Specifically,

24   plaintiff argues that this court should construe the Director of Adult Institutions as a defendant in

25   this action even though not specifically named as such in the Fifth Amended Complaint.  (*Id*. at

26   16–17.)

27

28   [5]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

1     As correctly outlined in the pending findings and recommendations, the court does not

2  have jurisdiction to order injunctive relief against a non-party.  (Doc. No. 120 at 7) (citing

3  *Summers v. Earth Island Inst*., 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d

4  964, 969 (9th Cir. 2010).)

5     The undersigned also notes that plaintiff previously brought this same claim against M.D.

6  Stainer and his predecessor M. Cate, individual Directors of Adult Institutions, in the Fourth

7  Amended Complaint, which was dismissed due to plaintiff's failure to comply with Federal Rules

8  of Civil Procedure 8(a) and 18(a).  (Doc. Nos. 66 at 5, 29; 87.)  On February 21, 2017, a final

9  judgment was entered to that effect.  (Doc. No. 88.)  On February 23, 2018, the Ninth Circuit

10  Court of Appeals affirmed the judgment dismissing those claims, and the matter was remanded to

11  this court for further proceedings only as to the claim based on plaintiff's allegation that

12  correctional officer Baron allegedly placed a "snitch jacket" on plaintiff.  (Doc. No. 99 at 2.)  This

13  court cannot allow a previously dismissed claim to proceed because such a claim is barred by the

14  doctrine of *res judicata*.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980)  "*Res judicata* applies when

15  'the earlier suit . . . (1) involved the same "claim" or cause of action as the later suit, (2) reached a

16  final judgment on the merits, and (3) involved identical parties . . ..'"  *Mpoyo v. Litton*

17  *ElectroOptical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co*., 279 F.3d

18  896, 900 (9th Cir. 2002)).  Accordingly, cannot be allowed to proceed on her previously

19  dismissed claim for injunctive relief brought against non-party CDCR Director of Adult

20  Institutions.

21     As plaintiff  was instructed in the screening orders addressing her First, Second, Third,

22  and Fourth Amended Complaints, to the extent she wishes to seek an injunction related to

23  California Institution of Women ("C.I.W."), the prison where she is currently imprisoned, she

24  must file a separate lawsuit—plaintiff may not bring unrelated claims in this action.  (*See* Doc.

25  Nos. 20 at 7–8; 31 at 3; 42 at 2–4; 87 at 3–4.)  This court's order dismissing such a claim does not

26  foreclose the ability of plaintiff to seek an injunction from officials at C.I.W., if she believes it is

27  necessary, but only prohibits her from seeking that relief in this action.

28  /////

6

1    **C.      Further Amendment of the Complaint**

2          Plaintiff argues in her objections that she should be granted further leave to amend her

3    complaint in this action because she had not previously been provided with the relevant pleading

4    and legal standards.  (Doc. No. 126 at 6.)  She asserts she was not informed that damages against

5    an officer in his official capacity were not available and she states she was not instructed that her

6    claims for declaratory or injunctive relief could be barred.  (*Id*.)  These argument do not overcome

7    the standard applicable to determining whether further to leave to amend should be granted, and

8    are also otherwise misplaced.  As discussed above, plaintiff remains able to seek monetary

9    damages in this action.  (*See* § A.1.)  Plaintiff's claims for declaratory and injunctive relief against

10   defendant Baron have been found not to be cognizable.

11         The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be

12   freely given when justice so requires."  Fed. R. Civ. P. 15 (a).  Nevertheless, leave to amend need

13   not be granted when the amendment is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*,

14   465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).

15         Here plaintiff is proceeding on her fifth amended complaint and has been provided a

16   number of opportunities to address the deficiencies in her complaint by the court.  Moreover,

17   because the obstacles to her desired additional claims are legal bars, the granting of any further

18   leave to amend would be futile.  "An amendment is futile when 'no set of facts can be proved

19   under the amendment to the pleadings that would constitute a valid and sufficient claim . . ..'"

20   *Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton,*

21   *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Here no additional set of facts could be pled either to

22   allow a monetary claim against defendant in his official capacity; to permit declaratory or

23   injunctive relief against defendant Baron; or to name the Director of Adult Institutions as a

24   defendant because any such claim would be barred by the doctrine of *res judicata*.

25   /////

26   /////

27   /////

28   /////

7

**CONCLUSION**

Accordingly:

1.  The findings and recommendations issued August 7, 2020 (Doc. No. 120) are adopted;

2.  This action shall proceed only on plaintiff's fifth amended complaint, filed February 15, 2019 (Doc. No. 117), against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment;

3.  All other claims are dismissed from this action for failure to state a claim with prejudice because the granting of further leave to amend would be futile; and

4.  This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **December 3, 2020**                    _____

                                         UNITED STATES DISTRICT JUDGE

8