UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>    Plaintiff,<br><br>    v.<br><br>MARY LATTIMORE, *et al.*,<br><br>    Defendants. | No. 1:12-cv-01156-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 133) |

Plaintiff Susan Mae Polk is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 4, 2020, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 120), ordering that this action would proceed only on plaintiff's fifth amended complaint, filed February 15, 2019 (Doc. No. 117), against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment; and ordering that all other claims dismissed from this action for failure other to state a claim with prejudice because the granting of further leave to amend would be futile. (Doc. No. 127.) On February 22, 2021, plaintiff filed a motion for relief from the December 4, 2020 order under Federal Rule of Civil Procedure 60. (Doc. No. 133.)

/////

In her motion for reconsideration under Rule 60, plaintiff contends that the court should reconsider various aspects of its order by making fourteen arguments and presenting numerous clarifications.  (*Id*. at 8–25.)  The court has carefully reviewed and considered all of plaintiff's arguments and points; however, plaintiff simply has provided no basis under Rule 60(b) to support reconsideration of the court's December 4, 2020 order.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

/////

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order denying certain of her claims. The court addresses below several points in plaintiff's arguments, which appear to stem from misunderstandings of the court's December 4, 2020 order.

**Objections 1, 2, 4, 6, 10:** As the court noted in its previous order, it was unclear from plaintiff's complaint whether an injunction against defendant Baron was sought,[1] but to the extent one were, it would be dismissed because plaintiff no longer is incarcerated at the prison where defendant Baron is employed. (Doc. No. 127 at 4–5.) Although plaintiff alleges she is still suffering repercussions from the "snitch jacket" defendant Baron allegedly placed on her, she does not allege any present actions by defendant Baron from which she seeks relief. (*Id*.) Furthermore, no preliminary injunctive relief could have been issued at the time of the December 4, 2020 order, because no defendant had yet appeared. (*Id*. at 4 n.3.)

**Objections 2, 3, 5, 7, 8, 9, 10, 11, 14:** Injunctive relief against the California Department of Corrections and Rehabilitation ("CDCR") Director of Adult Institutions was dismissed because the Director was not a party to this action. (*Id*. at 6.) The court explained that it could not permit plaintiff to amend her complaint to add the Director, because the Ninth Circuit had already dismissed an identical claim against the Director on appeal. (*Id*.) The Director is not a party to this action because of this procedural history, not because plaintiff had neglected to include the director in the caption of the complaint.

**Objection 12, 13:** Plaintiff has previously been advised that federal courts are not able to hear large numbers of unrelated claims against many defendants in a single action, pursuant to Federal Rules of Civil Procedure 8 and 18, as plaintiff acknowledges in the pending motion. (*Id*. at 6–7; Doc. No. 133 at 24.) Plaintiff is again advised that this court's order dismissing claims in this action does not foreclose the ability of plaintiff to seek an injunction from officials at C.I.W., if she believes it is necessary, but only prohibits her from seeking that relief in this action.

/////

---

[1] Plaintiff clarifies in the pending motion she is not seeking an injunction against defendant Baron. (Doc. No. 133 at 9–11.)

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 133) is denied; and

2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**February 26, 2021**__      _/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE