# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>   Plaintiff,<br><br>   v.<br><br>LATTIMORE, *et al.*,<br><br>   Defendants. | Case No. 1:12-cv-01156-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 140) |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fifth amended complaint against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment.

**I.   Motion to Appoint Counsel**

Currently before the Court is Plaintiff's motion to appoint counsel, filed April 26, 2021. (ECF No. 140.) As explained in the notice filed together with Plaintiff's motion to appoint counsel, Plaintiff originally mailed her motion to appoint counsel on March 30, 2021. (ECF No. 141.) It was apparently received by Defendant, who filed an opposition on April 12, 2021. (ECF No. 138.) The Court issued an order disregarding the opposition, as the original motion was never docketed. (ECF No. 139.) Plaintiff then re-filed her motion. Defendant re-filed the opposition the same date. (ECF No. 142.) Plaintiff's response to Defendant's April 12, 2021

1

1 | opposition was also docketed the same date.  (ECF No. 143.)  Although filed in response to the
2 | first opposition, as both filings are substantially the same, the Court accepts Plaintiff's response
3 | and the motion is deemed submitted.  Local Rule 230(l).

In her motion, Plaintiff states that she is an indigent prisoner with no formal legal training. (ECF No. 140.) Plaintiff alleges that throughout her incarceration, she has been subject to beatings and torture. The state prisons have been locked down since March 2020 due to the COVID-19 pandemic. For most of that period, there has been no access to the law library other than by paging—the process of requesting access to legal documents by mail by citing a statute or case number. Paging protracts legal research since requestors must submit their requests by mail and know in advance what they are requesting. Plaintiff's housing unit was on total quarantine from November 24, 2020 to the end of February 2021, when they went on "modified program" (lockdown). Physical access to the law library was afforded in March until the housing unit was replaced on quarantine on March 20, 2021. Inmates in Plaintiff's housing unit are currently being confined to quarters 24 hours a day. (*Id.*)

Plaintiff further alleges that without counsel, she has no means of deposing witnesses or investigating facts pertaining to her assault by another inmate, which is the focus of her claims against Defendant Baron in the fifth amended complaint. Plaintiff alleges that, due to confidentiality, she needs counsel to access Defendant Baron's personnel records to support her claim. Plaintiff will also need counsel due to the complex issue of the requested remedy—an order to the CDCR Director of Adult Institutions to protect her from assault. Plaintiff also sets forth other examples that purportedly demonstrate CDCR's unwillingness to provide requested documents. Plaintiff argues that her situation is exceptional and warrants appointment of counsel due to the lockdown of the state prisons due to the COVID-19 pandemic, her lack of physical access to a law library, and her asthma. (*Id.*)

In opposition, Defendant argues that Plaintiff, as a current state prisoner, is not subject to the loss of her physical liberty should she fail to prevail in this case, and there are no exceptional circumstances present. (ECF No. 142.) Defendant contends that Plaintiff has demonstrated her ability to articulate her requests, has litigated competently in as many as forty other matters,

including the filing of multiple complaints in this action, motions to proceed *in forma pauperis*, pleadings before the California Court of Appeal on multiple occasions, and is now on her fifth amended complaint in this action. Finally, based on early research in this matter, Defendant argues that it is likely that Plaintiff failed to exhaust her administrative remedies as required by the PLRA, making it extremely unlikely that Plaintiff will prevail because of this procedural bar. (*Id.*)

In reply, Plaintiff argues that Defendant has presented no evidence in support of the opposition. (ECF No. 143.) Plaintiff further contends that Defendant has misconstrued the applicable legal standard, that any failure to exhaust administrative remedies is not applicable to an analysis of her likelihood of success on the merits, and that the COVID-19 pandemic and subsequent restrictions on her access to the law library present exceptional circumstances. Plaintiff also argues that while she is intellectually competent, she lacks the materials and resources to pursue this action without counsel. (*Id.*)

**II.     Discussion**

Despite her arguments to the contrary, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has

3

made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily. As Plaintiff has indicated, nearly all prisoners housed by CDCR have experienced limited physical access to the law libraries at their institutions for the past year due to the COVID-19 pandemic, and the paging arrangement established at Plaintiff's institution is by no means exceptional. Although Plaintiff has not indicated how her asthma diagnosis affects her ability to litigate this action, many prisoners also deal with medical conditions during the litigation process. These litigants also must conduct legal research, conduct discovery, and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Though Plaintiff is proceeding on cognizable claims and may survive a motion for summary judgment regarding exhaustion of administrative remedies, the fact that Inmate Miranda was prosecuted for her assault on Plaintiff does not guarantee or even suggest that Plaintiff will succeed on her constitutional claims against Defendant Baron.

With respect to Plaintiff's argument that, without counsel, she will not have access to resources such as an investigator, unimpeded access to CDCR records, uninterrupted physical access to a law library, or the means to take depositions of witnesses in person, the Court notes that such resources are also not guaranteed by the appointment of counsel. If, during the course of discovery, Plaintiff encounters particular documents she cannot obtain due to her status as an inmate or issues related to locating or identifying witnesses, those matters are more appropriately raised in a specific motion, rather than in a motion for appointment of counsel.

Finally, based on a review of the record in this case, the Court finds that Plaintiff can more than adequately articulate her claims and support them with both relevant legal authority and evidence. Plaintiff is currently proceeding on her fifth amended complaint in a case that was filed nearly ten years ago, and successfully appealed an earlier dismissal of this action to the Ninth Circuit Court of Appeals. To the extent Plaintiff continues to experience limited or no physical access to the law library at her institution, she may seek appropriate extensions of time for any

applicable deadlines.

### III. Order

Based on the foregoing, Plaintiff's motion to appoint counsel, (ECF No. 140), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 19, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE