# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LATTIMORE, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:12-cv-01156-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND THE TIME TO CONDUCT DISCOVERY PENDING THE COURT'S RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON EXHAUSTION<br><br>(ECF No. 153) |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's fifth amended complaint against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment.

On July 23, 2021, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust her available administrative remedies.  (ECF No. 147.) Following an extension of time, Plaintiff's opposition is currently due on or before October 12, 2021.  (ECF No. 152.)

Currently before the Court is Defendant's motion to extend the time to conduct discovery pending the Court's ruling on Defendant's motion for summary judgment based on exhaustion, filed September 22, 2021.  (ECF No. 153.)  Pursuant to the Court's February 24, 2021 Discovery and Scheduling Order, the deadline for the completion of all discovery is October 24, 2021, and

the deadline for filing all dispositive motions is January 6, 2022.  (ECF No. 134.)

Although Plaintiff has not had the opportunity to file a response to Defendant's motion to modify the Discovery and Scheduling Order, the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was not diligent, the inquiry should end.  *Id.*

Defendant argues that there is good cause to extend the date to complete discovery because there is a motion for summary judgment pending that could dispose of the entire action on exhaustion grounds. (ECF No. 153.)  Furthermore, because Plaintiff's opposition is not due until October 12, 2021 and fact discovery currently closes on October 24, 2021, there is a strong possibility that the pending motion for summary judgment on exhaustion grounds will not be decided in time for the parties to complete fact discovery if the motion is denied.  Defendant therefore requests an extension of time to conduct discovery and that the discovery deadline be extended or vacated to allow time for the Court to rule on the pending summary judgment motion. (*Id.*)

Having considered Defendant's moving papers, the Court finds good cause to grant the motion, in part.  The Court finds it appropriate to stay merits-based discovery and to vacate the discovery and dispositive motion deadlines in this action.  Defendant has been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits-based discovery or the filing of unnecessary dispositive motions.

**However, to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendant is not relieved of the existing obligation to timely respond to those requests**.  Given that Plaintiff has not had the opportunity to respond to

Defendant's motion to extend or stay discovery in this action, the Court finds it appropriate to require Defendant to complete any outstanding discovery requests related to the exhaustion issue, as required by the Court's Discovery and Scheduling Order.

Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to extend the time to conduct discovery pending the Court's ruling on Defendant's motion for summary judgment based on exhaustion, (ECF No. 153), is GRANTED IN PART, as discussed above;
2. All merits-based discovery is STAYED, as discussed above;
3. The discovery and dispositive motion deadlines are VACATED;
4. Plaintiff's opposition to the motion for summary judgment remains due on or before **October 12, 2021**; and
5. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **September 25, 2021**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE