UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. 1:12-cv-01156-ADA-BAM (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| LATTIMORE, et al., | |
| Defendants. | |
| | (ECF Nos. 147, 161) |

Plaintiff Susan Mae Polk is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's fifth amended complaint against Defendant Baron for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment, arising from allegations that he placed a "snitch jacket" on Plaintiff by informing another inmate that Plaintiff had reported that inmate's threats on Plaintiff's life.

On February 25, 2022, the Magistrate Judge issued findings and recommendations suggesting that Defendant's motion for summary judgment for failure to exhaust be granted. (ECF No. 161.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen days after service. (*Id.* at 15.) Following several extensions of time, plaintiff timely filed objections on May 23, 2022. (ECF

1

No. 170.) Defendant filed a response to Plaintiff's objections on June 9, 2022. (Doc. No. 172.) The Court will adopt the Magistrate Judge's findings in full but will make two observations in response to Plaintiff's objections to the findings and recommendations.

**A.     Availability of the grievance process**

In arguing that Officer Brown rendered the prison grievance process unavailable, Plaintiff refers to Exhibit C of her opposition to Defendant's motion for summary judgment. (*See* ECF No. 159 at 27–28.) Exhibit C is a statement, dated March 6, 2008, regarding a warning Plaintiff received from Brown about abusing the grievance process. (*Id.*) In that statement, Plaintiff writes that Brown "issued a warning to me that I was abusing the appeals process by filing, she claimed, more than one non-emergency appeal per week." (*Id.* at 27.) If Plaintiff continued to file non-emergency appeals, she would be "limited to one 602 per every six months." (*Id.*) Plaintiff goes on to disagree with Brown's description of Plaintiff's grievances as duplicative or non-emergency. (*Id.* at 28.) At the end of the statement, Plaintiff writes: "On 2/21/08, Brown screened out my 602 re her failure to process my 602s, and threatened to destroy my paperwork if I resubmitted it. On 2/28/08, she warned that I was abusing the process."

Plaintiff argues that her description of Brown's conduct is similar to that of the officers in *Williams v. Paramo*, 775 F.3d 1182 (9th Cir. 2014). There, the plaintiff alleged that when reporting a grievance, a prison official responded by saying "So what! That is not my problem! That is your problem!" *Id.* at 1191–92. When the plaintiff attempted to file a formal grievance, an officer rejected it and refused to file the appeal. *Id.* at 1192. The Court of Appeals held that this conduct rendered the grievance process unavailable for that particular complaint. *Id.*

Plaintiff's statement regarding Brown differs significantly from the facts in *Williams*. First, the threats that Plaintiff alleges in the statement concern restrictions on Plaintiff's filing of non-emergency grievances. Under the regulations as they existed in 2008, prisoners were limited to filing one non-emergency appeal every seven calendar days. Cal. Code Regs., tit. 15 § 3084.4(a) (2008). If an appeal coordinator determined that a prisoner was filing excessive non-emergency appeals, they were required to extend the restriction on filing non-emergency appeals to six months. *Id.* at 3084.4(a)(4). As the Magistrate Judge discussed, Plaintiff filed a grievance

1  regarding Brown's rejections of Plaintiff's grievances as duplicative and non-emergency that was
2  handled at least at a second level of review.  (ECF No. 161 at 14.)  The fact that Plaintiff disputes
3  the determination of her grievances as non-emergency does not make the process itself
4  unavailable to her.  Nor does it make Brown's threat to limit Plaintiff's non-emergency
5  grievances to one every six months inappropriate.  In fact, Brown was required to do just that
6  under the then-applicable regulations, if Plaintiff continued to file non-emergency grievances.

7  Additionally, Plaintiff's statement does not allege threats against filing all grievances, but
8  rather against filing grievances that are duplicative or non-emergency.  The allegations in
9  Plaintiff's March 6, 2008 statement about Brown provide no grounds for this Court to believe that
10 the grievance process was unavailable to Plaintiff at the time of the August 5, 2008 grievance at
11 issue in this case.  This situation differs significantly from that in *Williams*, where prison officials
12 refused to process Plaintiff's grievance without regard for its validity.

13 **B.       Sufficiency of information in Plaintiff's August 5, 2008 grievance**

14 The Court agrees with Plaintiff that the relevant regulations at the time of the incident
15 only required Plaintiff to "describe the problem and action requested."  Cal. Code Regs., tit. 15 §
16 3084.2(a) (2008).  The findings and recommendations state, as an undisputed fact, that CDCR
17 regulations in 2008 required "inmates to identify by name, title, or position each staff member
18 alleged to be involved in the action or decision being appealed."  (ECF No. 161 at 6.)  This rule,
19 however, is taken from the same regulation as it was amended in 2011.  Cal. Code Regs., tit. 15 §
20 3084.2(a)(3) (2011).  Plaintiff is correct that, in 2008, she was not under an obligation to list the
21 name, title, and position of each staff member involved in the alleged incident.

22 If the Magistrate Judge had recommended granting summary judgment based solely on
23 the existence of this regulation, the Court would be inclined to decline to adopt the findings and
24 recommendations.  Despite Plaintiffs arguments to the contrary, however, this is not the case.  In
25 fact, apart from the statement of undisputed facts, the Magistrate Judge does not mention the 2011
26 regulation.  Rather, the Magistrate Judge considered grievance CCWF-C-08-0126, as well as the
27 letters to Captain Schoonard and Warden Lattimore that Plaintiff submitted, to determine whether
28 "the grievance itself or the attachments submitted by Plaintiff would place prison officials on

notice that Plaintiff was requesting any action [to] be taken with respect to Defendant Baron specifically." (ECF No. 161 at 10.)  So, while the findings and recommendations cite to the wrong regulation, the Magistrate Judge's analysis nevertheless comports with the requirements of the 2008 regulation and case law holding that "a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" (*Id.* at 12 (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).)  Even though California regulations did not require Plaintiff to list each defendant by name or separate her claims into different grievances, she was still required to describe the problem and the action requested in such a way as to put the prison on notice of the particular issue.  The Court agrees with the Magistrate Judge that neither Plaintiff's grievance, nor the letters to Captain Schoonard and Warden Lattimore, were sufficient in this regard.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of this case, including Plaintiff's objections and Defendant's response.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on February 25, 2022, (ECF No. 161), are adopted in full;
2. Defendant's motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 147), is granted;
3. This action is dismissed, without prejudice, for the failure to exhaust available administrative remedies; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 12, 2022

UNITED STATES DISTRICT JUDGE

4